McMILLAN, Judge.
On April 3, 1992, the appellant filed a petition under Rule 32, A.R.Cr.P., seeking relief from his 1982 conviction of three counts of rape in the first degree and one count of burglary in the second degree. On that same day the trial court summarily denied the petition as barred by the period of limitations.
The appellant contends, among other claims, that his conviction should be set aside because, he says, he was not properly informed of the maximum and minimum sentences before entering his guilty plea. In Ex parte Rivers, 597 So.2d 1308 (Ala.Cr.App.1991), the Alabama Supreme Court held that such a claim is not time barred.
Because we must remand the cause on this issue, we do not address the appellant’s other claims at this time. On remand, “[i]f the circuit judge has personal knowledge of the actual facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he *1252 states the reasons for the denial in a written order_” Sheats v. State, 556 So.2d 1094 (Ala.Cr.App.1989). Otherwise, he should direct the district attorney to file a response and should proceed under Rule 82. A return is to be filed with this Court within 45 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.