ON RETURN TO REMAND
McMILLAN, Judge.
We remanded this cause in order for the trial court to state its reasons for the summary denial of the Rule 32, AR.Cr.P., petition of the appellant, Elmore Nichols, Jr. The trial court has now filed its return, which states that the appellant’s claim that he was not properly apprised as to the minimum and maximum possible sentences is refuted by the exhibit attached to the trial court’s return.
Exhibit “A” attached to the trial court’s return contains copies of an explanation of rights form and a sentencing form, which apparently have been signed by the appellant and the judge who accepted his guilty plea. The forms state, in pertinent part, that for all four of the charged offenses “the law provides for punishment by imprisonment in the penitentiary for not less than *1253 10 years nor more than life for each such offense.” Clearly, based on the exhibit, the appellant’s claim that he was not properly advised of the possible minimum and maximum sentences is without merit.
We note that this Court’s original opinion did not address two claims that the appellant made in his appellate brief. 641 So.2d 1251 (1992). The record reveals that neither claim was presented to the trial court in the Rule 32 petition. Therefore, without an adverse ruling on the record, nothing was preserved for this Court to review. Smith v. State, 531 So.2d 1245, 1250 (Ala.Cr.App.1988).
Moreover, after this cause had been remanded to the trial court, the appellant sought to amend his original petition to add a claim of ineffectiveness of counsel. Although the trial court stated that the amended petition had been considered and denied on the merits, that court did not have jurisdiction to permit the requested amendment. This Court remanded the appellant’s cause solely for the trial court to address “the allegations in the petition.” Consideration of an issue not contained in that petition therefore was not proper.
AFFIRMED.
All Judges concur.