Joe Looney, Jr., pleaded guilty to the unlawful possession of cocaine, in violation of Ala. Code 1975, § 13A-12-212(a)(1) and to trafficking in cannabis, in violation of § 13A-12-216. See § 20-2-80. He was sentenced to concurrent terms of imprisonment of three years and seven years. On this appeal from those convictions, Looney contends that his guilty plea must be set aside because he was misinformed of the minimum range of sentence in the trafficking case.
Before accepting the guilty pleas, the circuit court informed him, based upon the statement of defense counsel, that the punishment for the trafficking offense was "not less than ten years or more than life," with a "three year mandatory jail sentence."
At the sentencing hearing, the defendant stipulated that he had a prior felony conviction. The circuit court then informed the defendant that the minimum sentence would be 15 years' imprisonment.
The trafficking charge involved 2.79 pounds of cannabis. The minimum sentence for that offense is a "mandatory minimum term of imprisonment of three calendar years." § 20-2-80(1)(a). Trafficking is a Class A felony. § 20-2-80(10).
Section 20-2-80(10) provides, in pertinent part, "that the sentence of imprisonment for a defendant with one or more prior felony convictions who violates subsections (1) through (a) of this section shall be the sentence provided therein, or the sentence provided under the Habitual Felony Offender Act, whichever is greater."
A conviction for trafficking with one prior felony conviction requires a punishment of "imprisonment for life or for any term of not more than 99 years but not less than 15 years." § 13A-5-9(a)(3).
Here, it clearly appears that both the trial judge and defense counsel informed the defendant of an erroneous minimum sentence he could receive for trafficking.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969), "requires that an accused must be informed of the maximum and minimum possible sentence 'as an absolute constitutional prerequisite to acceptance of a guilty plea.'Carter v. State, 291 Ala. 83, 85, 277 So.2d 896 (1973)." Smithv. State, 441 So.2d 1062, 1063 (Ala.Cr.App. 1983); McClaren v.State, 500 So.2d 1325, 1327 (Ala.Cr.App. 1986); Tinsley v.State, 485 So.2d 1249, 1251 (Ala.Cr.App. 1986). "If the defendant has prior felony convictions, he must be advised of the proper sentence to which he was subject under the Habitual Felony Offender Act." Smith v. State, 494 So.2d 182, 182
(Ala.Cr.App. 1986). Because an accused must be informed of the correct range of sentence "as an absolute constitutionalprerequisite to acceptance of a guilty plea," Carter,291 Ala. at 85, 277 So.2d 896 (emphasis added), informing the accused of the correct range of punishment at a sentencing hearing held after the guilty plea has already been accepted will not cure the error in informing the accused of an incorrect range of punishment before the guilty plea is accepted. "Boykin stands for the proposition that a defendant is constitutionally entitled to have information concerning the range of punishment prescribed by the act to which he may be sentenced and the consequences of the conviction at the time he enters his plea."Coleman v. Alabama, 827 F.2d 1469, 1473 (11th Cir. 1987).
We share with the attorney general some concern that the issue now presented was not presented to the trial court and preserved for review. See Willis v. State, 500 So.2d 1324, 1325
(Ala.Cr.App. 1986). However, the defendant did file a "motion to set aside plea or in the alternative, motion *Page 5 
to set appeal bond" and a motion for new trial. While both of these motions contain only general grounds and neither specifically mentions the incorrect minimum sentence, the motion for new trial does allege that the defendant "was not apprised of the consequences of his plea." Under the circumstances of this case, we deem that objection sufficient to preserve this issue for review.
The guilty plea in the trafficking case (CC-88-984.02) is hereby set aside. The judgment is reversed and the cause is remanded for further proceedings in that regard.
The judgment of the circuit court is affirmed in case CC-88-984.01, involving the possession of cocaine.
CC-88-984.01, AFFIRMED;
CC-88-984.02, REVERSED AND REMANDED.
All Judges concur.