On June 1, 1990, Wallace Rivers, represented by a court-appointed attorney, pleaded guilty in three cases involving the possession and distribution of cocaine in Houston County, Alabama.[1] He was sentenced to life in prison. Rivers petitioned for post-conviction relief pursuant to Rule 20, Temp.A.R.Cr.P.,[2] alleging that his trial counsel was ineffective[3]
and that he was not properly informed of the maximum and minimum sentences so as to allow his plea to be knowingly and voluntarily given. The trial judge denied the petition, without an evidentiary hearing.
The Court of Criminal Appeals affirmed, with an unpublished memorandum opinion, 586 So.2d 307, ruling that Rivers's claims were procedurally barred. Rivers petitioned this Court for the writ of certiorari, which we issued, based on the authority ofCarter v. State, 291 Ala. 83, 277 So.2d 896 at 898 (1973), in which this Court held "that a defendant, prior to pleading guilty, must be advised on the record of the maximum and minimum potential punishment for his crime." We reverse and remand.
Carter v. State notes that subsequent to the United States Supreme Court case of Boykin v. Alabama, 395 U.S. 238,89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), it became established that the defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea. Carter v. State, citing Jones v.State, 48 Ala. App. 32, 261 So.2d 451 (1972); Spidell v. State,48 Ala. App. 24, 261 So.2d 443 (1972); People v. Ingeneri,7 Ill. App.3d 809, 288 N.E.2d 550 (1972); People v. Buck,7 Ill. App.3d 758, 288 N.E.2d 548 (1972); Cooper v. State,47 Ala. App. 178, 252 So.2d 104 (1971), cert. denied, 287 Ala. 728,252 So.2d 108 (1971). "Boykin stands for the proposition that a defendant is constitutionally entitled to have information concerning the range of punishment prescribed by the act to which he may be sentenced and the consequences of the conviction at the time he enters his plea." Coleman v. Alabama,827 F.2d 1469, 1473 (11th Cir. 1987).
Since Carter v. State, supra, this Court and the Court of Criminal Appeals have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea. Smith v. State, 441 So.2d 1062, 1063 (Ala.Cr.App. 1983); McClaren v. State, 500 So.2d 1325, 1327 (Ala.Cr.App. 1986); Tinsley v. State, 485 So.2d 1249, 1251 (Ala.Cr.App. 1986); Looney v. State, 563 So.2d 3, 4 (Ala.Cr.App. 1989). If the defendant has prior felony convictions, he must be advised of the proper sentence to which he is subject by virtue of Alabama Code 1975, § 13A-5-9, the Habitual Felony Offender Act.Smith v. State, 494 So.2d 182 (Ala.Cr.App. 1986).
The only evidence in the record as to what information Rivers was given concerning the maximum and minimum possible sentences he could receive is this dialogue in open court:
 "THE COURT: Do you understand that you are charged with the sale of cocaine and distribution of a controlled substance in CC-89-82 and then in cases 89-362 and -363 you are charged with possession *Page 1310 
of cocaine? Do you understand in the sale case you could get up to 20 years and in the possession cases you could get from a year and a day up to 20 years?"
The Court corrected itself as to the maximum possible sentence:
 "THE COURT: Mr. Rivers, on the two possession cases with two prior felonies, the maximum sentence [for] such is life — 99 years or life and the same thing on the sale case, it would be a maximum of 99 years or life. I didn't say that correctly earlier. With the Habitual Offender Act would be maximum sentence of life or 99 years. Do you understand that?"
The State contends, and the Court of Criminal Appeals agreed, that Rivers failed to preserve the issue of ineffective assistance of counsel and the illegality of his sentencing for appeal by failing to raise it at trial. We disagree. This Court has said:
 "[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review. See Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963). Indeed, the illegality of a defendant's sentence is a ground specified in Rule 20, Ala.R.Crim.P. [Temp.], for a collateral post-conviction remedy."
Ex parte Brannon, 547 So.2d 68 (Ala. 1989). This Court has also said that ineffective assistance of counsel claims are cognizable in Rule 20 petitions pursuant to Rule 20.1(a), Temp.A.R.Crim.P. Ex parte Lockett, 548 So.2d 1045, 1048 (Ala. 1989). Because we reverse on other grounds, we find it unnecessary to address the merits of that issue at this time, except to say that the standard this Court has adopted to test the effectiveness of counsel is stated in Strickland v.Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). Ex parte Lockett, supra, at 1050.
Because Rivers was not informed of the minimum possible sentence in his cases, prior to his plea of guilty, his guilty plea was not knowingly, voluntarily, and intelligently given.
The judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court with instructions to reverse the judgment in cases CC-89-82, CC-89-362, and CC-89-363 and to remand the cause for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.
MADDOX and ALMON, JJ., concur in the result.
[1] In CC-89-82, for unlawful distribution of a controlled substance, in violation of § 13A-12-211; in CC-89-362 and CC-89-363, for unlawful possession of a controlled substance (cocaine), in violation of § 13A-12-212.
[2] Now Rule 32, A.R.Cr.P. This is Rivers's second petition; his first was dismissed because his appeal was pending.
[3] He alleged that the ineffectiveness was shown by a failure to interview alibi witnesses, failure to request a continuance, failure to determine whether four prior burglary convictions were under the Youthful Offender Act, failure to file a motion in limine, advising Rivers that he could be impeached on the stand by prior convictions, failure to file a motion for independent testing of the alleged controlled substance, failure to object to the court's consideration of four prior Youthful Offender Act convictions as well as two prior possession and sale of marijuana convictions in sentencing Rivers to concurrent life sentences.