Reginald Jones was indicted for murder; he pleaded guilty, pursuant to a plea agreement, to the lesser-included offense of manslaughter; and he was sentenced to 16 years' imprisonment. He did not appeal. On January 15, 1992, he filed a petition for relief from his conviction and sentence pursuant to A.R.Crim.P. 32. He alleges in his petition that he and his trial counsel plea bargained for a 5-year sentence in exchange for his guilty plea and that, even though the trial court advised him that the minimum and maximum sentence for a manslaughter conviction was from 1 year and 1 day to 10 years, the trial court sentenced him to 16 years. He also alleges that the trial court advised him incorrectly as to the minimum and maximum sentence he faced upon pleading guilty and that his counsel was ineffective for failing to properly represent him during the guilty-plea proceedings. He argues that his plea was entered involuntarily and without a full knowledge of the nature of the charge and the consequences of the plea.
At a hearing on Jones's petition, the trial court advised Jones that it had incorrectly advised him at the prior guilty-plea proceeding of the minimum and maximum sentence he could receive (1 year and 1 day to 10 years). We agree. The court should have instructed Jones that the minimum sentence he could receive was 10 years and the maximum 20 years. §§13A-6-3; 13A-5-6(a)(3); and 13A-5-6(a)(5).
The trial court granted the petition as to the sentence, but not as to the conviction. The court stated that it was willing to resentence Jones to 15 years' imprisonment, if it was agreeable to the parties. After a brief consultation with his counsel, Jones agreed, and the trial court resentenced him to 15 years. For a better understanding of what occurred, we quote from the record, in pertinent part, as follows:
 "THE COURT: He was actually told that the maximum he could get was ten years.
". . . . *Page 677 
 "THE COURT: Actually the range in this case was ten to twenty.
". . . .
 "THE COURT: I agree what he was told when he pled guilty was the improper range of sentencing.
". . . .
"THE COURT: What's he want to do?
". . . .
 "THE COURT: Go back and start all over again and get tried for murder? The state might agree just to do the fifteen and we will move on.
". . . .
 "THE COURT: He was told the range was a year and a day to ten years. . . . There was no agreement on sentencing in this case.
". . . .
 "THE COURT: . . . If he wants fifteen, I will give him fifteen, if that's what it takes to get rid of this thing. You can just go talk to him. It might be best to do it that way.
 "MR. POWERS [defense counsel]: Can we have about five minutes, Your Honor?
"THE COURT: Sure.
"(A recess was taken.)
"THE COURT: What do y'all want to do?
 "MR. POWERS: He will take the fifteen, and he hopes he gets good time on that.
". . . .
 "THE COURT: . . . You understand what you are doing, Mr. Jones?
"THE DEFENDANT: Yes, sir.
". . . .
 "THE COURT: The order is that petition has to be granted and the sentence is set aside only. Your plea of guilty is affirmed; is that correct?
"MR. POWERS: Yes, your honor.
"THE COURT: Does he wish a sentencing hearing?.
"MR. POWERS: No, your honor.
 "THE COURT: Do you have anything to say why sentence of law should not be imposed against you, Mr. Jones?
". . . .
 "THE DEFENDANT: Really I think I understand most of what is going on. But I still don't quite know what's going on. But I understand what you [are] fixing to do. I understand.
 "THE COURT: Let me make sure you understand what's going on. When I told you what the range of punishment was going to be when you pled guilty, I told you it was a year and a day to ten years. It is actually ten years to twenty years was what the appropriate range of sentence was. I misinformed you about the range of punishment. That's why I am setting aside your sentence in this case. I understand that you still want to plead guilty to that manslaughter charge but in return for your plea of guilty that I am going to give you fifteen years. . . ."
The state contends that the ruling of the trial court which resulted in Jones's original sentence of 16 years being set aside and a new 15-year sentence being entered was favorable to Jones and, therefore, there is no adverse ruling from which an appeal could be taken. We do not agree. True, the petition was granted in part, but it was also denied in part. The sentence was changed, but the conviction based upon an allegedly involuntary and unknowing guilty plea was allowed to remain intact. There was no new guilty-plea proceeding. The trial court made it clear that it was not setting aside the original conviction. The trial court stated the following: "So I have to set aside the prior sentence. I am not going to set aside the conviction, but I am only setting aside the sentence."
The court admitted that Jones was given incorrect information as to the minimum and maximum sentence he could receive as a result of his guilty plea. Being properly informed of the applicable sentence range is an absolute constitutional prerequisite to the acceptance of a guilty plea. Ex parteRivers, 597 So.2d 1308 (Ala. 1992);[1] *Page 678 Parish v. State, [Ms. 90-1285, April 23, 1993], 1993 WL 124790 (Ala.Cr.App. 1993). The failure to advise Jones of the proper sentence range rendered' his plea involuntary, and the first and the second sentences based upon the involuntary plea were illegal and void. We, therefore, find it necessary to reverse the judgment and remand this case to the trial court with instructions to set aside Jones's conviction and sentence and to restore this case to the docket for further proceedings.
REVERSED AND REMANDED.
All Judges concur.
[1] In this case, unlike Rivers, we are dealing with misinformation as to the range of punishment, not incomplete information. However, we consider this factual distinction inconsequential in light of the Rivers holding. See Parish v.State, [Ms. 90-1285, April 23, 1993] ___ So.2d ___ (Ala.Cr.App. 1993).