The appellant, Bobby Wayne White, pleaded guilty and was convicted of burglary in the second degree. He was sentenced to life imprisonment as a habitual felony offender. The appellant represents himself on this appeal.
The record affirmatively shows that the appellant was not advised of the correct minimum and maximum range of punishment prior to entering his guilty plea. The range of punishment was incorrectly stated in both the "explanation of rights and plea of guilt" form and by the trial court during the guilty plea colloquy. The attorney general candidly acknowledges this error.
"[A] defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea. . . . If the defendant has prior felony convictions, he must be advised of the proper sentence to which he is subject by virtue of Alabama Code 1975, § 13A-5-9, the Habitual Felony Offender Act." Ex parte Rivers,597 So.2d 1308, 1309 (Ala. 1991). Because the appellant was not informed of the correct range of punishment, "his guilty plea was not knowingly, voluntarily, and intelligently given."Rivers, 597 So.2d at 1310.
The judgment of the circuit court is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur. *Page 400