Jeffery Elrod appeals from the denial of his Rule 32, A.R.Cr.P., petition challenging his conviction for murder. One of the issues raised on appeal is whether the trial court failed to inform the appellant of the minimum and maximum possible sentences he could receive.
The following occurred during the guilty plea proceedings:
 "[THE COURT:] Mr. Elrod, before I can accept your guilty plea, I need to make *Page 59 
sure that you understand your rights, understand what you're doing and some other things.
 "If you will recall back in January[1] of this year here in this courthouse you were furnished with a written explanation of your basic constitutional rights and I show you one copy of that now (indicating).
 "That has what purports to be your signature and your attorney's signature indicating that you read and write the English language and that you've gone over this explanation of your rights thoroughly with your attorney that you understand them and that you don't want any other explanation. Do you recall that?
"THE DEFENDANT: Yes, sir.
 "THE COURT: All right. Do you think you still understand those things?
"THE DEFENDANT: Yes, sir.
 "THE COURT: Do you want me to make any further explanation of that to you at this time?
"THE DEFENDANT: No, sir.
 "THE COURT: Also with that was an explanation of what you were charged with and the possible punishments. Do you think you understand fully what you're charged with and what the possible punishments are?
"THE DEFENDANT: Yes, sir."
(R. 45-46.) (Emphasis added.)
In Carter v. State, 291 Ala. 83, 277 So.2d 896, 898 (1973), the Alabama Supreme Court held "that a defendant, prior to pleading guilty, must be advised on the record of the maximum and minimum potential punishment for his crime." (Emphasis added.)
 "Carter v. State notes that subsequent to the United States Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, (1969), it became established that the defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea. Carter v. State, citing Jones v. State, 48 Ala. App. 32, 261 So.2d 451 (1972); Spidell v. State, 48 Ala. App. 24, 261 So.2d 443
(1972); People v. Ingeneri, 7 Ill. App.3d 809, 288 N.E.2d 550 (1972); People v. Buck, 7 Ill. App.3d 758, 288 N.E.2d 548 (1972); Cooper v. State, 47 Ala. App. 178, 252 So.2d 104 (1971), cert. denied, 287 Ala. 728, 252 So.2d 108 (1971). 'Boykin stands for the proposition that a defendant is constitutionally entitled to have information concerning the range of punishment prescribed by the act to which he may be sentenced and the consequences of the conviction at the time he enters his plea.' Coleman v. Alabama, 827 F.2d 1469, 1473 (11th Cir. 1987).
 "Since Carter v. State, supra, this Court and the Court of Criminal Appeals have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea. Smith v. State, 441 So.2d 1062, 1063
(Ala.Cr.App. 1983); McClaren v. State, 500 So.2d 1325, 1327 (Ala.Cr.App. 1986); Tinsley v. State, 485 So.2d 1249, 1251 (Ala.Cr.App. 1986); Looney v. State, 563 So.2d 3, 4 (Ala.Cr.App. 1989)."
Ex parte Rivers, 597 So.2d 1308, 1309 (Ala. 1991). See also
Rule 14.4(a), A.R.Crim.P. The Alabama Supreme Court also stated that if the appellant's sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute.
Rule 14.4(a), A.R.Crim.P., provides in part:
 "(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form 68 will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing *Page 60 
the defendant of and determining that the defendant understands:
". . . .
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions."
The explanation of rights to which the trial court referred during the guilty plea proceedings was apparently provided to the appellant at arraignment, which took place some nine months before the guilty plea proceedings. We hold that the court's reference to this explanation and the appellant's admission that he had read this explanation are insufficient evidence that the appellant was correctly informed of the maximum and minimum potential penalties that could be imposed upon him. This explanation of rights does not show the minimum and maximum potential punishment this appellant could receive. The explanation merely lists the possible sentences for each class of felony offenses and the possible enhancements. The explanation is not personalized to the appellant except to the extent that the appellant was informed that he was charged with murder under § 13A-6-2, which is a Class A felony. There is no completed Ireland form in the record and no other reference to the possible sentences the appellant might receive. The record does not reflect the appellant was informed of the maximum and minimum potential punishment, which is, as stated earlier, "an absolute constitutional prerequisite to the acceptance of a guilty plea." Rivers, 597 So.2d at 1309. Thus, the appellant's conviction based on his guilty plea is set aside and the cause is remanded to the circuit court for further proceedings consistent with this opinion.
Because we are setting aside the appellant's conviction, we need not address the other issues raised in the appellant's Rule 32 petition.
REVERSED AND REMANDED.
All the Judges concur.
[1] This is obviously a reference to the arraignment, which took place on January 30, 1990. The date of the guilty plea proceedings was November 7, 1990.