The appellant, Dale Aaron, pleaded guilty to one count of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Code of Alabama 1975, and one count of unlawful possession of a controlled substance, a violation of §13A-12-212, Code of Alabama 1975. He was sentenced pursuant to the Habitual Felony Offender Act to 20 years' imprisonment on the distribution count and to 10 years' imprisonment on the possession count. The sentences were to run concurrently.
On this direct appeal of his convictions, the appellant contends that the trial court erred in denying his motion to withdraw his guilty pleas. He maintains that his guilty pleas were not knowingly and voluntarily entered because, he says, the trial court did not comply with the provisions of Rule 14.4, A.R.Crim.P., when accepting his guilty pleas. Rule 14.4 sets out the requirements for the acceptance of guilty pleas. Rule 14.4(a)(1)(ii) provides:
 "[T]he court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
". . . .
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions. . . ."
(Emphasis added.)
The Alabama Supreme Court and this Court "have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea." Ex parteRivers, 597 So.2d 1308, 1309 (Ala. 1991). It is well settled, moreover, that "if the appellant's sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could *Page 850 
receive under the applicable enhancement statute." Elrod v.State, 629 So.2d 58, 59 (Ala.Cr.App. 1993), citing Rivers.
Accord, White v. State, 616 So.2d 399 (Ala.Cr.App. 1993);Looney v. State, 563 So.2d 3, 4 (Ala.Cr.App. 1989); Smith v.State, 494 So.2d 182 (Ala.Cr.App. 1986).
The record reflects that, while the appellant was informed during his colloquy with the trial court of the correct minimum and maximum sentences for a first-time felony offender in each of his cases, he was not informed of the sentence he could receive in each case under the Habitual Felony Offender Act. In fact, the trial court made no reference whatsoever to any possible sentence enhancement.[1] Because the appellant was not informed of the effect of the enhancement provisions on his sentence, his guilty pleas were not knowingly and voluntarily entered. See Rivers, 597 So.2d at 1310. Therefore, the trial court erred by denying the appellant's motion to withdraw his pleas of guilt.
Because we reverse on this ground, we need not address the appellant's other claims. The judgment of the trial court is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] An Ireland form is not contained in the record. See Ireland v.State, 47 Ala. App. 65, 250 So.2d 602 (1971).