On Return to Remand

McMILLAN, Judge.
This cause was remanded for the trial court to examine the merits of the claim that the trial court did not correctly state the sentencing range and the claims of ineffective assistance raised in the Rule 32, Ala. R.Crim.P., petition filed by the appellant, Garry Orlando Gordon. . The court has now filed its return, which states, essentially, the following:
On May 1, 1996, the court conducted an evidentiary hearing and determined that the sentencing range had been incorrectly stated, both in the Ireland form and by the trial court during the plea colloquy. The appellant was incorrectly advised that the sentencing range was not less than 2 years’ or more than 20 years’ imprisonment, instead of the correct range of not less than 1 year and 1 day or more than 10 years. In addition, the appellant was incorrectly advised that, if applicable, the Habitual Felony Offender Act (“HFOA”) would mandate a sentence of not less than 10 years’ nor more than 99 years’ imprisonment. The trial court, on the recommendation of both the State and the appellant, sentenced the appellant to 10 years’ imprisonment.
The trial court urges that, because the appellant understood that he could be sentenced to 10 years’ imprisonment under the HFOA and because a 10-year sentence was requested and received, any error on the Ireland form had no bearing on the outcome of his ease. However, “a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea.... If the defendant has prior felony convictions, he must be advised of the proper sentence to which he is subject by virtue of Alabama Code 1975, § 13A-5-9, the Habitual Felony Offender Act.” Ex parte Rivers, 597 So.2d 1308, 1309 (Ala.1991).
As the appellant was incorrectly informed as to the minimum and maximum possible sentence, his guilty plea was not knowingly, voluntarily, and intelligently entered and the judgment of the trial court must be reversed. Jones v. State, 624 So.2d 676 (Ala.CrApp.1992); White v. State, 616 So.2d 399 (Ala.CrApp.1993). Because we are reversing the judgment on this issue, we need not address the appellant’s claim of ineffective assistance of counsel.
The judgment is reversed and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
All Judges concur.