The appellant, Shannon Baker, appeals from the trial court's denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his guilty plea convictions on two counts of burglary in the third degree, one count of theft of property in the first degree, and one count of theft of property in the second degree. The appellant was sentenced on each conviction under the Habitual Felony Offender Act ("HFOA") to life in prison. The appellant did not file appeal from his convictions.
In his petition, the appellant contends that his guilty pleas were not knowing and voluntary because, he says, at the time they were entered, he had not been informed that the state would seek to enhance his sentences under the HFOA and, consequently, he was unaware of the enhanced sentences he stood to, and did in fact, receive under the HFOA. The appellant maintains that he entered his guilty pleas upon the belief that he would be sentenced without the application of the HFOA.
The trial court denied the appellant relief on the ground that "the petition is precluded because the issues raised could have been but were not raised at trial or on direct appeal pursuant to Rule 32.2(a)(3), Ala.R.Crim.P." (C. 25.) However, pursuant to the Alabama Supreme Court's holding in Cantu v.State, 660 So.2d 1026 (Ala. 1994), we are constrained to find that the appellant could raise his "voluntariness" claim for the first time in his Rule 32 petition, even though it was a matter that could have been, but was not, raised in the trial court — by a timely objection, a timely motion to withdraw the guilty plea, or a timely motion for a new trial — and then pursued on direct appeal.
In order for a guilty plea to be considered knowing and voluntary, the defendant must be properly advised of the possible minimum and maximum sentence. Henry v. State,639 So.2d 583 (Ala.Cr.App. 1994). Moreover, "if the appellant's sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute." Elrod v. State, 629 So.2d 58, 59 (Ala.Cr.App. 1993); 14.4(a)(1)(ii), Ala.R.Crim.P. See White v. State, 616 So.2d 399
(Ala.Cr.App. 1993); Looney v. State, 563 So.2d 3, 4
(Ala.Cr.App. 1989); Smith v. State, 494 So.2d 182 (Ala.Cr.App. 1986). *Page 861 
The record contains the transcript of the evidentiary hearing on the appellant's Rule 32 petition. However, we are unable to ascertain from that record whether the appellant, beforeentering his guilty pleas, was aware that the state would seek to enhance his sentences under the HFOA, and whether he was advised of the sentences he stood to receive as a consequence. While it appears from statements by the parties and by the trial court at the evidentiary hearing that the appellant was advised of the application of the HFOA on the day he was sentenced, the record indicates that the sentencing hearing for the appellant's guilty pleas was held several days after the appellant entered his guilty pleas. Thus, the fact that the appellant was advised at sentencing of the fact that the HFOA would be applied does not resolve the issue whether the earlier guilty pleas were entered with full knowledge of their consequences or whether the pleas were entered upon the appellant's mistaken belief that he would be sentenced without the application of the HFOA.
The appellant did not file a direct appeal from his guilty plea convictions, and he did not raise the "voluntariness" issue in the trial court within 30 days of his sentencing. Largely as a consequence of the appellant's failure to appeal a transcript of the guilty plea proceedings apparently is not available as of this date. Furthermore, as a consequence of the appellant's failure to raise the voluntariness issue closer to sentencing, it is possible that memories have faded and that parties with knowledge possibly dispositive of the appellant's claim are no longer available to testify.
More than once, Cantu has placed this court and the trial courts in the awkward position of having to consider petitioners' claims that their guilty pleas were involuntary without having the benefit of adequate records and fresh recollections against which to assess those claims.[1] The appellant here has not included a transcript of the guilty plea proceedings in the record on appeal from the denial of his Rule 32 petition. Nor can we find an Ireland form in the record.[2]
However, a petitioner can take advantage of a meager record when questioning the voluntariness of a guilty pleas.
In any event, because the appellant's claim is not precluded by Rule 32.2(a)(3) or by any other provision of Rule 32.2 and because, from the record before us, we are unable to assess the merits of the appellant's claim, we must remand this cause to the trial court for that court to further examine the merits of the claim and to conduct any further proceedings it deems necessary. We do not foreclose the possibility that the state may be able to demonstrate, through a transcript of the guilty plea proceedings or through some other evidence, that the appellant, before entering his guilty pleas, was aware that the state would seek to enhance his sentences under the HFOA and was advised of the enhanced sentences he stood to receive as a consequence.
Should the trial court deny the appellant's claim, the trial court should state its reasons for so doing in a written order. A return should be filed with this court within 56 days after the release of this opinion.
REMANDED WITH DIRECTIONS.*
All Judges concur.
[1] A party has, roughly speaking, two years within which to collaterally attack a guilty plea on grounds of voluntariness. See Rule 32.2(c), Ala.R.Crim.P.
[2] District attorneys would be well advised when answering Rule 32 petitions presenting "voluntariness" claims to take steps to generate transcripts of the guilty plea proceedings under attack when transcripts of those proceedings do not already exist.
* Note from the reporter of decisions: On December 19, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 6, 1998, that court denied rehearing, without opinion. On March 26, 1998, the Supreme Court struck the certiorari petition (1971079). *Page 862