Pursuant to a negotiated plea agreement, the appellant, Charles Franklin Carter, was convicted of one count of first-degree possession of marijuana, a violation of § 13A-12-213, Ala. Code 1975, and one count of trafficking in marijuana, a violation of § 13A-12-231(1), Ala. Code 1975. He was sentenced as a habitual offender to 10 years' imprisonment for the marijuana-possession conviction and to 20 years' imprisonment for the marijuana-trafficking conviction, with the sentences to be served consecutively. Carter's 20-year sentence for trafficking in marijuana included a 5-year enhancement under § 13A-12-231(13), because he possessed a firearm during the commission of the offense.
The record reflects on that on August 17, 1999, Carter withdrew his not-guilty plea, and pleaded guilty to one count of first-degree possession of marijuana and to one count of trafficking in marijuana. During the guilty plea colloquy, the appellant stated that he had read and understood his rights, that he understood the charges contained in the indictment, and that he understood the minimum and maximum sentence that could be imposed upon conviction. Carter stated that he had discussed these matters with his attorney.
Carter also executed an "Explanation of Rights and Plea of Guilty" form[1] for each charge. The form reflected the nature of the guilty plea and Carter's understanding of his constitutional rights. The form apprised Carter of the correct sentencing range for a Class A felony (trafficking in marijuana, C.R. 39-40) and a Class B felony as a habitual offender with one prior felony conviction (possession of marijuana, C.R. 37-38). Additionally, the explanation-of-rights form for the trafficking charge apprised Carter that his sentence would be enhanced because he had possessed a firearm at the time of the offense. However, the firearm-enhancement statute referenced by that form was § 13A-5-6, Ala. Code 1975, not the firearm enhancement specifically applicable to drug-trafficking offenses, as provided in § 13A-12-231(13), Ala. Code 1975. Finally, although the form contained a provision covering the Drug Demand Reduction Assessment Act, pursuant to § 13A-12-281, Ala. Code 1975, the form did not indicate that such provision applied in Carter's particular case. (C. 39-40.)
Following a detailed colloquy with Carter, the trial court determined that the guilty plea was knowingly and voluntarily entered. The court's colloquy contained specific references to the minimum and maximum sentence Carter faced as a habitual offender with one prior felony conviction. The court also advised Carter that any plea to trafficking in marijuana would be enhanced by five years, because he had possessed a firearm during the commission of the offense. Carter and his trial counsel acknowledged that they *Page 393 
understood the sentencing range he faced. However, the trial court failed to mention that Carter was subject to an assessment under §13A-12-281, or to an additional $25,000 fine under § 13A-12-231(13). The trial court's judgment entry merely stated that Carter was advised of his rights and the consequences of pleading guilty before his guilty plea was accepted.
Between entry of the guilty plea and sentencing, Carter obtained new counsel. Sentencing was continued several times; however, on December 12, 1999, a sentencing hearing was held. At that hearing, Carter's counsel challenged the adequacy of the plea colloquy and renewed his motion to set aside Carter's guilty pleas. He maintained that the pleas should be set aside because, he claimed, the trial court erred by "equat[ing] a violation of 13A-12-231(13) with a violation of 13A-12-250
or 13A-12-270, which are the enhancement penalties." (R. 19.) Carter argued that rather than operating as an enhancement, § 13A-12-231(13) constituted a separate offense. Carter also argued that his plea was involuntary because he was not advised that he faced an additional $25,000 penalty under § 13A-12-231(13).[2] The trial court rejected Carter's claim that § 13A-12-231(13) constituted a separate offense, but acknowledged that it had failed to apprise Carter of the additional $25,000 penalty before entry of the guilty plea. However, the prosecution argued that if the $25,000 fine set out in § 13A-12-231(13) was, in fact, mandatory, this shortcoming in the plea colloquy could be cured if the court remitted the $25,000 fine. At this, the court sentenced Carter to 10 years' imprisonment for the possession conviction and to 20 years' imprisonment for the trafficking conviction. The court imposed a fine of $25,000 pursuant to § 13A-12-231(1)a. and another $25,000 fine pursuant to 13A-12-231(13). The court then entertained a motion from the prosecutor that the $25,000 fine imposed pursuant to § 13A-12-231(13) be remitted. The court granted the state's motion and remitted the fine.
On January 4, 2000, Carter's newly appointed counsel filed a motion to withdraw his guilty plea, or alternatively, for a new trial. The motion alleged as grounds for withdrawing the plea that Carter's plea was involuntary because he did not understand the meaning of a guilty plea and the consequences of pleading guilty. The motion also alleged that Carter's trial counsel was ineffective. The trial court denied Carter's motion. This appeal followed.
On appeal, Carter challenges the voluntariness of his plea because, he claims, he was not informed of the correct maximum and minimum range of punishment or of all the mandatory fines due to be imposed before he entered his guilty pleas. As a result, he argues, the sentence imposed by the trial court was illegal and void. Finally, Carter argues that the provisions of § 13A-12-231(13), Ala. Code 1975, create a substantive offense which must be charged in the indictment. As a result, he argues, he should have been allowed to withdraw his plea.
Rule 14.4, Ala.R.Crim.P., sets out the requirements for the acceptance of guilty pleas. Rule 14.4(a)(1)(ii) provides:
 "[T]he court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by *Page 394 
informing the defendant of and determining that the defendant understands:
". . . .
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions. . . ."
(Emphasis added.)
Alabama courts "have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea." Exparte Rivers, 597 So.2d 1308, 1309 (Ala. 1991). Moreover, it is well settled that "if the appellant's sentence could be enhanced under any of the enhancements statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute." Elrod v. State, 629 So.2d 58, 59 (Ala.Crim.App. 1993) (citingRivers, supra). Accord Aaron v. State, 673 So.2d 849 (Ala.Crim.App. 1995); White v. State, 616 So.2d 399 (Ala.Crim.App. 1993).
A review of the record establishes that Carter was advised of the correct minimum and maximum sentences provided under Alabama law, including any sentence enhancements. The trial court advised Carter that as a habitual offender with one prior felony the minimum sentence he could receive was 15 years' imprisonment, plus an additional 5 years pursuant to the firearm enhancement provision set out in §13A-12-231(13), for a minimum sentence of 20 years' imprisonment and a maximum sentence of life.
Although the trial court correctly advised Carter of the minimum and maximum range of punishment he could receive for each conviction, it failed to advise Carter of all the mandatory fines that were due to be imposed upon entry of his guilty plea. We note that the explanation-of-rights form and the trial court correctly advised Carter that he faced a mandatory $25,000 fine pursuant to § 13A-12-231(1)a. However, neither the explanation-of-rights form nor the trial court apprised Carter that he faced additional mandatory assessments pursuant to the Drug Demand Reduction Assessment Act, as set out at § 13A-12-281. Further, the trial court failed to advise Carter that he faced an additional $25,000 fine as provided for in § 13A-12-231(13). This Court has held that the failure to inform a defendant of a mandatory fine prior to his entry of a guilty plea is reversible error. Lewis v. State,479 So.2d 1356, 1362 (Ala.Crim.App. 1985). The provisions of the Drug Demand Reduction Assessment Act are mandatory. See, e.g., Pierson v.State, 677 So.2d 246, 247 (Ala. 1995); Fletcher v. State, 675 So.2d 55,56 (Ala.Crim.App. 1995). The $25,000 fine set out in § 13A-12-231(13), Ala. Code 1975, is likewise mandatory.[3] Therefore, because the trial court *Page 395 
did not advise Carter of either of these mandatory fines before he pleaded guilty, his guilty pleas were not knowingly and voluntarily entered. See Ex parte Rivers, 597 So.2d at 1310; Aaron v. State, 673 So.2d at 850. Therefore, the trial court erred by denying the appellant's motion to withdraw his pleas of guilt. Because we reverse the trial court's judgment on this ground, we need not address Carter's remaining claims. However, in light of our decision in Poole v. State, [Ms. CR-99-1200, August 31, 2001] ___ So.2d ___ (Ala.Crim.App. 2001), released today and applying Apprendi v. New Jersey, 530 U.S. 466 (2000), we would be remiss in not noting that under Poole, any facts that increase a defendant's sentence must be proven beyond a reasonable doubt to the finder of fact. ___ So.2d at ___.
The judgment of the trial court is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb and Baschab, JJ., concur. Shaw, J., concurs in the result.
[1] This form is also known as an Ireland form. See Ireland v.State, 47 Ala. App. 65, 250 So.2d 602 (1971).
[2] Counsel did not argue that Carter was never advised that he was subject to assessments pursuant to the Drug Demand Reduction Assessment Act.
[3] The State correctly points out that this Court has never specifically addressed whether the $25,000 fine provided for in §13A-12-231(13) is mandatory. See, e.g., Pace v. State, 766 So.2d 201
(Ala.Crim.App. 1999); Browder v. State, 728 So.2d 1106 (Ala.Crim.App. 1996), rev'd on other grounds, 728 So.2d 1108 (Ala. 1997), aff'd on remand, 728 So.2d 1113 (Ala.Crim.App. 1998). Nevertheless, we do so today. Indeed, the plain language of § 13A-12-231(13) leaves us with no other conclusion:
 "Notwithstanding any provision of law to the contrary, any person who has possession of a firearm during the commission of any act proscribed by this section shall be punished by a term of imprisonment of five calendar years which shall be in addition to, and not in lieu of, the punishment otherwise provided, and a fine of twenty-five thousand dollars ($25,000); the court shall not suspend the five-year additional sentence of the person or give the person a probationary sentence."
The Committee Comments following Rule 14.4, Ala.R.Crim.P., support this conclusion, noting
 "Furthermore, any person who possesses a firearm during the commission of trafficking in a controlled substance will receive an additional five-year sentence and an additional $25,000 fine."
(Emphasis added.)