Malcolm Brooks appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his conviction for manslaughter, see § 13A-6-3, Ala. Code 1975, and the resulting sentence of 25 years' imprisonment.
On January 10, 2000, Brooks was indicted by the Montgomery County grand jury for the intentional murder of Mercury Coley. On October 19, 2000, Brooks pleaded guilty to the lesser-included offense of manslaughter and was sentenced on December 1, 2000, to 25 years' imprisonment. During his guilty-plea colloquy, Brooks admitted to having two prior felony convictions, and he was informed that he faced a minimum sentence of 15 years, based on the mandatory enhancement requirement under the Habitual Felony Offender Act. At the sentencing hearing, the State informed the court that Brooks had only one prior felony conviction. However, the State requested that Brooks's sentence be enhanced under the firearm enhancement provision of § 13A-5-6(a)(5), Ala. Code 1975, thus making Brooks's minimum sentence 20 years. The court then sentenced Brooks to 25 years' imprisonment. Brooks did not appeal the conviction.
On January 3, 2002, Brooks filed this Rule 32 petition, alleging (1) that his guilty plea was involuntary because, he says, he was misinformed that the minimum sentence he would receive was 15 years, when he was instructed at sentencing that he faced a minimum sentence of 20 years; (2) that his guilty plea was involuntary because his trial counsel did not notify him that he was pleading guilty to intentional, rather than reckless, manslaughter; and (3) that trial counsel's performance was deficient because counsel failed to object to the court's announcement of the incorrect minimum sentence, a violation of Rule 14.4(a)(1)(ii), Ala.R.Crim.P.
It is well-established precedent that the trial court must notify a defendant of the correct sentencing range when the defendant pleads guilty.
 "`The Alabama Supreme Court and this Court "have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea." Ex parte Rivers, 597 So.2d 1308, 1309 (Ala. 1991). It is well settled, moreover, that "if the appellant's sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute." Elrod v. State, 629 So.2d 58, 59 (Ala.Cr.App. 1993), citing Rivers. Accord, White v. State, 616 So.2d 399
(Ala.Cr.App. 1993); Looney v. State, 563 So.2d 3, 4
(Ala.Cr.App. 1989); Smith v. State, 494 So.2d 182
(Ala.Cr.App. 1986).'"
Kennedy v. State, 698 So.2d 1174, 1177 (Ala.Crim.App. 1997) (quotingAaron v. State, 673 So.2d 849, 849-50 (Ala.Crim.App. 1995) (emphasis added in Kennedy)).
Furthermore, this Court has stated:
 "`[T]he Alabama Supreme Court held that "a defendant, prior to pleading guilty, must be advised of the maximum and minimum potential punishment for his crime" by the trial court in order to sustain a ruling that the defendant voluntarily entered a guilty plea. See, Gordon v. State, 692 So.2d 869 (Ala.Cr.App. *Page 645 
1996); Pritchett v. State, 686 So.2d 1300
(Ala.Cr.App. 1996); Knight v. State, 55 Ala. App. 565, 317 So.2d 532 (1975); Moore v. State, 54 Ala. App. 463, 309 So.2d 500 (1975). This holding is supported by Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] and Rule 14.4, Ala.R.Crim.P. The rule that the trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea.'"
Jones v. State, 727 So.2d 889, 891 (Ala.Crim.App. 1998) (quotingHeard v. State, 687 So.2d 212, 213 (Ala.Crim.App. 1996)).
Based on the foregoing, we hold that Brooks's guilty plea was involuntary because the court misinformed him as to his possible sentence. Accordingly, the judgment of the circuit court is reversed and this cause is remanded to the Montgomery Circuit Court so that Brooks may have the opportunity to withdraw his guilty plea and to enter another plea after he has been informed of the correct sentencing range.
REVERSED AND REMANDED.
McMillan, P.J., and Cobb, Baschab, and Shaw, JJ., concur. *Page 646