Malcom Irven Schartau appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his April 29, 2001, guilty-plea conviction for theft of property in the first degree and his resulting sentence, as a habitual offender, of life imprisonment. This Court affirmed Schartau's conviction and sentence on direct appeal in an unpublished memorandum issued on February 22, 2002. See Schartau v. State (No. CR-01-0121), 854 So.2d 1223
(Ala.Crim.App. 2002) (table). This Court issued a certificate of judgment on March 26, 2002.
Schartau filed the present petition on May 3, 2002, raising numerous claims. After receiving a response from the State, the circuit court summarily denied the petition on May 28, 2002.
After reviewing Schartau's petition, we agree with the State that this case must be remanded for further proceedings with respect to one of Schartau's claims. Among other claims, Schartau alleged in his petition that his trial counsel was ineffective for failing to ensure that he was properly informed of the minimum sentence he could receive upon pleading guilty. Schartau pleaded guilty to theft of property in the first degree, a Class B felony, and was sentenced as a habitual offender with three prior felony convictions to life imprisonment. He maintains that he was told both by his counsel and by the trial court that the minimum sentence he could receive for his conviction was life imprisonment (the sentence he did, in fact, receive), but that based on a May 2000 amendment to the Habitual Felony Offender Act, the minimum sentence he could receive was actually 20 years' imprisonment. According to Schartau, his counsel was not aware of the amendment and failed to ensure that he was correctly informed of the minimum sentence he could receive. This, Schartau claims, constituted ineffective assistance of *Page 772 
counsel that rendered his guilty plea involuntary.
This claim is supported by the record of Schartau's direct appeal,[1]
which reflects the following during the guilty-plea colloquy:
"THE COURT: Under the Habitual Offender Act, that makes the case treated as a Class A felony, with a minimum of, I believe, life —is the only sentence life in this case?
"[Schartau's counsel]: Yes, sir.
"[Prosecutor]: [Theft of property in the first degree is a Class] B.
"THE COURT: It's B. But with three prior felonies, that would move it up to a Class A with a minimum of life. Do you understand that range of punishment?
"[Prosecutor]: Yes, sir.
"[Schartau]: Yes, sir, I do."
(Direct Appeal, R. 6.) In addition, the Ireland form[2] signed by Schartau listed the minimum sentence he could receive as life imprisonment. However, at the time Schartau pleaded guilty, § 13A-5-9(c), Ala. Code 1975, had been amended, to provide, in relevant part:
"(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
". . . .
"(2) On conviction of a Class B felony, he or she must be punished by imprisonment for life or any term of not less than 20 years."
(Emphasis added.)
Rule 14.4(a)(1)(ii), Ala.R.Crim.P., requires that a trial court inform a defendant of "[t]he mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions." This Court has repeatedly held guilty pleas to be involuntary when a defendant was not properly informed of the minimum and maximum sentence he could receive. See, e.g., Brooks v. State, 854 So.2d 643
(Ala.Crim.App. 2003); Handley v. State, 686 So.2d 540 (Ala.Crim.App. 1996); Peoples v. State, 651 So.2d 1125 (Ala.Crim.App. 1994); Broaden v.State, 645 So.2d 368 (Ala.Crim.App. 1994); and Jones v. State,624 So.2d 676 (Ala.Crim.App. 1992). Moreover, "[i]t is well settled that `a misrepresentation by a defendant's counsel, if material, may render a guilty plea involuntary.'" Ford v. State, 831 So.2d 641, 643
(Ala.Crim.App. 2001), quoting Ex parte Blackmon, 734 So.2d 995, 997
(Ala. 1999). See also Smith v. State, 852 So.2d 185 (Ala.Crim.App. 2001); Wright v. State, 845 So.2d 836 (Ala.Crim.App. 2001); Minor v.State, 627 So.2d 1071 (Ala.Crim.App. 1992); and Pitts v. State,605 So.2d 1253 (Ala.Crim.App. 1992).
Schartau's claim was pleaded with sufficient specificity, see Rules 32.3 and 32.6(b), Ala.R.Crim.P.; is meritorious on its face; and, if true, entitles him to relief. As the State correctly points out in its brief to this Court, this claim was not refuted in the State's motion to dismiss Schartau's petition, and the circuit court did not address this claim in its order summarily denying Schartau's petition.
Therefore, we remand this case for the circuit court to address the merits of Schartau's claim that his trial counsel was ineffective for not ensuring that he was *Page 773 
informed of the minimum sentence he could receive upon pleading guilty, and to issue specific findings of fact regarding that claim. The court shall either conduct an evidentiary hearing or take evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. If the court determines that Schartau is entitled to relief because his counsel's failure to ensure that he was properly informed of the minimum sentence he could receive rendered his guilty plea involuntary, it shall vacate Schartau's conviction. Due return shall be filed with this Court no later than 63 days from the date of this opinion. The return to remand shall include the circuit court's written findings, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received by the court. We pretermit discussion of the other claims in Schartau's Rule 32 petition pending the circuit court's return to remand.
REMANDED WITH DIRECTIONS.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] This court may take judicial notice of its own records. SeeHull v. State, 607 So.2d 369, 371 (Ala.Crim.App. 1992).
[2] Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 (Ala.Crim.App. 1971).
 *Page 446