KELLUM, Judge.
The appellant, Michael Shawn Dooley, was indicted on March 6, 2008, by a Laud-erdale County grand jury for two counts of unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala. Code 1975. Both counts of the indictment, in pertinent part, read:
“Michael Shawn Dooley ... did unlawfully and willfully sell, furnish, give away, deliver, or distribute a controlled substance, to-wit: Hydrocodone, in Lauderdale County, Alabama.”
(R. 22.) On March 25, 2008, Dooley filed a plea of not guilty and a waiver of arraignment. The State subsequently nol-prossed the second count of the indictment.
On April 18, 2008, the State filed a notice of sentence enhancement informing Dooley of its intent to prove and invoke a five-year sentence enhancement for the sale of drugs within three miles of a school pursuant to § 13A-12-250, Ala.Code 1975, and a five-year sentence enhancement for the sale of drugs within three miles of a housing project pursuant to § 13A-12-270, Ala. Code 1975.
*500 On April 29, 2008, Dooley executed an “Explanation of Rights and Guilty Plea” form, sometimes referred to as an Ireland form.[1] The form indicated that Dooley was pleading guilty to the unlawful distribution of a controlled substance; it further indicated the applicable sentencing range given his one prior felony conviction. The form did not apprise Dooley of the application of the sentencing enhancements under § 13A-12-250 and § 13A-12-270. On the same day that Dooley signed the explanation-of-rights form, he entered a plea of guilty before the circuit court. The circuit court deferred acceptance of Dooley’s guilty plea and set the matter for a sentencing hearing on June 12, 2008.
On June 12, 2008, counsel for Dooley and the State filed briefs in the circuit court supporting their respective positions regarding the imposition of the sentence enhancements. That same day, Dooley filed a motion to withdraw his guilty plea. In his motion, Dooley argued that he should be allowed to withdraw his guilty plea because, in pertinent part, he argued, (1) the sentence enhancements were not alleged in the indictment; (2) the application of sentence enhancements, if allowed, would affect the sentencing range that was explained to Dooley in the plea-negotiation process; and (3) the application of the sentence enhancements would increase the maximum sentence that was explained to Dooley by his trial counsel. After considering the arguments of both parties, the circuit court, on June 12, 2008, denied Dooley’s motion to withdraw his guilty plea.
Following a hearing, at which it considered evidence regarding the proximity of three schools and a housing project in relation to the location where Dooley sold the drugs, the circuit court sentenced Dooley, as a habitual offender, to 25 years’ imprisonment. Dooley’s 25-year sentence included a 5-year enhancement under § 13A-12-250, Ala.Code 1975, because the sale occurred within three miles of a school, and a 5-year enhancement under § 13A-12-270, Ala.Code 1975, because the sale occurred within three miles of a housing project. The court ordered Dooley to pay $50 to the crime victims compensation fund, a fíne of $2,000 pursuant to the Drug Demand Reduction Assessment Act, and $100 to the Alabama Forensic Services Trust Fund.
On June 16, 2008, Dooley filed a post-judgment motion requesting the circuit court to reconsider its denial of his motion to withdraw. In his motion, Dooley argued (1) that the indictment did not allege any statutory enhancements; (2) that he pleaded guilty to only one count of the indictment; and (3) that the State did not specify in its April 18, 2008, notice which count of the two-count indictment it was seeking to apply the sentence enhancements to. The circuit court denied the motion on June 24, 2008. Dooley’s trial counsel subsequently withdrew from the case, and another attorney was appointed by the circuit court to represent Dooley.
On July 14, 2008, newly appointed counsel for Dooley filed a motion for a new trial, a motion for arrest of judgment, motion for judgment of acquittal and motion to withdraw Dooley’s guilty plea, reasserting issues raised in the earlier post-judgment motion, as well as asserting new issues not previously raised; however, this motion, filed more than 30 days after the circuit court pronounced sentence against Dooley, was untimely. See Rule 24.1, Ala. R.Crim. P.; see also Allen v. State, 883 So.2d 737 (Ala.Crim.App.2003)(a motion to withdraw a guilty plea filed more than 30 days after the date that sentence pro *501 nounced was untimely). On July 24, 2008, Dooley filed a notice of appeal, and on July 30, 2008, the circuit court purported to enter an order denying Dooley’s July 14, 2008, postjudgment motion.
Dooley raises nine issues on appeal; however, the dispositive issue is whether Dooley knowingly, intelligently, and voluntarily entered a guilty plea. Dooley contends on appeal that he did not knowingly, intelligently, and voluntarily enter his guilty plea because, he says, he was misinformed regarding the correct sentencing range in light of the enhancements and the circuit court failed to advise him that the sentence enhancements had to be served consecutively in addition to the minimum sentence.
The record reflects that, during the guilty-plea colloquy, the following transpired:
“Q. [THE COURT:] ... In Count 1, [Dooley] is charged with unlawfully selling, furnishing, giving away or delivering Hydrocodone. I have an explanation of rights and a plea of guilty form. Do you recognize the form?
“A. [DOOLEY:] Yes, sir.
“Q. Is that your signature on the back?
“A. Yes, sir.
“Q. Have you been over this with your attorney?
“A. Yes, sir.
“Q. Has he explained it to you?
“A. Yes, sir.
“Q. Do you have any questions about it?
“A. No, sir.
“Q. Do you understand the nature of the offense?
“A. Yes, sir, I do.
“Q. Do you understand the possible punishment?
“A. Yes, sir, I do.
“THE COURT: And the possible punishment I assume would include the possibility of some enhancements if proven by the State.
“[THE PROSECUTOR:] Yes, sir.
“Q. (By the Court) Do you understand all of that?
“A. Yes, sir, I do.
“Q. Do you understand that you don’t have to plead guilty?
“A. Yes, sir, I do.
“Q. Do you understand the rights you’re giving up if you plead guilty?
“A. I do, sir.
“Q. You’re giving up the right to a jury trial, the right to confront the witnesses, the right to testify in your own behalf, the right to present evidence and witnesses on your behalf, the right to subpoena witnesses and the right to appeal if convicted. Do you understand you’re giving those rights up?
“A. Ido.
“Q. You said you understood everything on this form; is that right?
“A. Yes, sir.
“Q. Has your attorney done a good job for you?
“A. Yes, sir, he has.
“Q. Do you have any complaints about his representation?
“A. No, sir, I do not.
“Q. Has anyone forced you or threatened you or coerced you in any way to get you to plead guilty?
“A. No, sir.
“Q. Have they promised you anything?
“A. No, sir.
“Q. To the charge of unlawful distribution of a controlled substance as charged in Count 1 of the indictment, *502 unlawful distribution of Hydrocodone, how do you plead?
“[DEFENSE COUNSEL]: Your Honor, just before the time of the— his plea of guilt as it relates to that count, I would just want to articulate for the record if the Court will allow me to. We’re not conceding that it’s within a three-mile radius of a school zone nor, Your Honor, are we conceding that it’s within a three-mile radius of a public housing project under [§§ ] 13A-12-250 and 13A-12-270. That’s a question of fact and we’re going to contend, Your Honor, that that would be a question of fact for the jury to determine and it’s not alleged in the indictment; that being said with that reservation, Your Honor, we’ll take that up at the sentencing hearing if the Court will allow me to. Now you can enter your plea.
“A. Guilty.”
(R. 63-66.)
At the June 12, 2008, sentencing hearing, counsel for Dooley moved to withdraw his client’s guilty plea. Counsel informed the circuit court that, when discussing the “Explanation of Rights and Guilty Plea” form with Dooley, he did not indicate on the form that the sentence enhancements found in § 13A-12-250 and § 13A-12-270 applied. Further, counsel stated that he did not discuss with Dooley the possibility of the sentence enhancements “increasing [his sentence] to over 20 years or the possibility of that coming in.” (R. 17.) Counsel also represented to the circuit court as follows: “Your Honor, when we sat down and we discussed this, I cannot tell you as an officer of the court that I told him that he was facing with enhancements what it would mean if he went down to prison with those enhancements.” (R. 20.) Counsel concluded by saying:
“Your Honor, we think that it would be manifest injustice to cause [Dooley] to go forward right now knowing that the enhancements might apply, that I sat down to talk to him about the sentencing range but we didn’t specifically discuss in this Ireland form, the plea-of-guilt form, about the statutory enhancements and what they meant and there’s no probation nor suspension of a sentence by statute and that we ask that this case be — the plea of guilt be -withdrawn.”
(R. 20.)
It is well established precedent that the circuit court must notify a defendant of the correct sentencing range when the defendant pleads guilty.
“ ‘The Alabama Supreme Court and this Court “have consistently held that a defendant must be informed of the maximum and minimum possible sentences as an absolute constitutional prerequisite to the acceptance of a guilty plea.” Ex parte Rivers, 597 So.2d 1308, 1309 (Ala.1991). It is well settled, moreover, that “if the appellant’s sentence could be enhanced under any of the enhancement statutes, the appellant should be informed of the additional sentence he could receive under the applicable enhancement statute.” Elrod v. State, 629 So.2d 58, 59 (Ala.Cr.App.1993), citing Rivers. Accord, White v. State, 616 So.2d 399 (Ala.Cr.App.1993); Looney v. State, 563 So.2d 3, 4 (Ala.Cr.App.1989); Smith v. State, 494 So.2d 182 (Ala.Cr.App.1986).’ ”
Kennedy v. State, 698 So.2d 1174, 1177 (Ala.Crim.App.1997) (quoting Aaron v. State, 673 So.2d 849, 849-50 (Ala.Crim.App.1995)(emphasis added in Kennedy)).
Furthermore, this Court has stated:
“ ‘[T]he Alabama Supreme Court held that “a defendant, prior to pleading *503 guilty, must be advised of the maximum and minimum potential punishment for his crime” by the trial court in order to sustain a ruling that the defendant voluntarily entered a guilty plea. See, Gordon v. State, 692 So.2d 869 (Ala.Cr.App.1996); Pritchett v. State, 686 So.2d 1300 (Ala.Cr.App.1996); Knight v. State, 55 Ala.App. 565, 317 So.2d 532 (1975); Moore v. State, 54 Ala.App. 463, 309 So.2d 500 (1975). This holding is supported by Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ] and Rule 14.4, Ala. R.Crim. P. The rule that the trial judge conduct a colloquy with the defendant before accepting a guilty plea ensures that a criminal defendant is adequately advised of his rights so that he may make a voluntary and intelligent decision to enter such a plea.’ ”
Jones v. State, 727 So.2d 889, 891 (Ala.Crim.App.1998) (quoting Heard v. State, 687 So.2d 212, 213 (Ala.Crim.App.1996)).
Rule 14.4, Ala. R.Crim. P., provides, in pertinent part:
“(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form C-44B will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
[[Image here]]
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions
[[Image here]]
(Emphasis added.) However, under Rule 14.4(d), Ala. R.Crim. P., “[t]he court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form C-44B, CR-51, CR-52, or C-44A, as the case may be.”
In the instant case, the guilty-plea colloquy indicates that the circuit court questioned Dooley regarding whether he had read the Ireland form and whether he understood the nature of his offense and the possible punishment. However, it is undisputed that the Ireland form did not apprise Dooley of the possible application of the sentence enhancements in § 13A-12-250 and § 13A-12-270. Further, during the guilty-plea colloquy, the circuit court referred to the possibility of the application of some sentence enhancements if proven by the State. No explanation was given regarding the length of those sentence enhancements or the effect of those sentence enhancements on Dooley’s base sentence. Indeed, statements made by Dooley’s trial counsel during the June 12, 2008, hearing seeking to withdraw Dooley’s guilty plea indicate that Dooley was not properly informed regarding the application of the sentencing enhancements.
Based on the foregoing, we hold that Dooley’s guilty plea was involuntary because he was not informed of the minimum and maximum sentence, including the possible effect of the sentence enhancements on his base sentence. Accordingly, the *504 judgment of the circuit court is reversed and this case is remanded to the Lauder-dale Circuit Court so that Dooley may have the opportunity to withdraw his guilty plea and to enter another plea after he has been informed of the correct sentencing range, including the effect of the application of any sentence enhancements to his sentence, or for such other proceedings consistent with this opinion.
REVERSED AND REMANDED.
WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.

. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).