On Return to Remand 

WELCH, Judge.
Bobby Ray Jones appealed from the circuit court’s summary dismissal of his timely filed pro se Rule 32, Ala. R.Crim. P., petition seeking postconvietion relief from his April 2010 murder conviction, a violation of § 13A-6-2, Ala.Code 1975, and his sentence as a habitual felony offender to 111 years’ imprisonment. Jones’s direct appeal was dismissed on Jones’s motion. Jones v. State (No. CR-09-1006), 84 So.3d 1022 (Ala.Crim.App.2010) (table). This Court issued its certificate of judgment on August 25, 2010.
On appeal, Jones presents three claims: (1) that his statement was improperly admitted, (2) that he was prevented from testifying by defense counsel, and (3) that he received an illegal sentence. Other claims raised in Jones’s petition were not pursued on appeal and, therefore, those claims are deemed abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995) (“We will not review issues not listed and argued in brief.”).
Jones failed to cite any authority supporting claims (1) and (2). Therefore, because Jones’s arguments fail to comply with Rule 28(a), Ala. R.App. P., claims (1) and (2) are deemed to be waived for purposes of appeal and will not be considered by this Court. See Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002) (“Recitation of allegations without citation to any legal authority and without adequate recitation of the facts relied upon has- been deemed a waiver of the arguments listed.”).
Jones argues in his brief on appeal that his sentence is illegal because, he says, he should have been sentenced under the voluntary sentencing standards set forth in § 12-25-30 et seq., Ala.Code 1975, the Alabama Sentencing Reform Act. Jones is not entitled to relief on this claim. The sentencing court was not required to follow the sentencing standards established pursuant to § 12-25-30 et seq. Section § 12-25-35(f), Ala.Code 1975, specifically provides that “[fjailure to follow any or all of the provisions of this section [titled ‘Use of voluntary sentencing standards’], or failure to follow any or all of the provisions of this section in .the prescribed manner, shall not be reviewable on appeal or the basis of any other post-conviction relief.”
Jones also argues that his sentence of 111 years’ imprisonment, which was imposed pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, is illegal because he was convicted of murder, a Class A felony and had, at the time of the commission of the current offense, been convicted of three prior felonies; therefore, he could be sentenced under the Habitual Felony Offender Act to only one of two possible sentences — either life imprisonment or life imprisonment without the possibility of parole. See § 13A-5-9(c)(3), Ala.Code 1975.
*298 “[T]he illegality of a defendant’s sentence is a ground specified in Rule [32], Ala. R.Crim. P., for a collateral post-conviction remedy.” Ex parte Brannon, 547 So.2d 68 (Ala.1989) (wherein Brannon claimed that he had been improperly sentenced under the Alabama Habitual Felony Offender Act). “ ‘ “Matters concerning unauthorized sentences are jurisdictional,” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999).’ ” Trawick v. State, 883 So.2d 1273, 1275 (Ala.Crim.App.2003).
We reviewed the record of Jones’s direct appeal, see Hull v. State, 607 So.2d 369, 371 (Ala.Crim.App.1992) (this Court may take judicial notice of its own records), and have determined that Jones is correct. The State filed notice of its intent to prove three prior felonies and at the sentencing hearing proved that Jones, pri- or to committing the instant offense, had been convicted of three prior felonies: he was convicted of first-degree possession of marijuana, a Class C felony (CC-1990-96); and two counts of unlawful distribution of a controlled substance, Class B felonies (CC-1994-141). Therefore, Jones presented a meritorious claim.
Accordingly, on October 24, 2011, we remanded this case to the circuit court with instructions that it set aside its order of April 1, 2010, sentencing Jones to 111 years’ imprisonment and conduct a new sentencing hearing in accordance with the Habitual Felony Offender Act, § 13A-5-9(c)(3), Ala.Code 1975. On remand, a new sentencing hearing was held in which Jones was represented by counsel. After the hearing, the circuit court resenteneed Jones and imposed a new sentence of life imprisonment without the possibility of parole.
The circuit court has complied with our order on remand and has resentenced the petitioner in accordance with the Habitual Felony Offender Act. The decision of the trial court is affirmed.
AFFIRMED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.