WELCH, Judge.
Doyle Kordell Hawk appeals from the circuit court’s summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his October 2012 guilty-plea convictions on three counts of the unlawful possession of a controlled substance and his resulting sentences as a habitual offender to life imprisonment. Hawk did not file a direct appeal.
*98 On May 14, 2013, Hawk filed the instant Rule 32 petition in which he alleged the following: (1) that the trial court was without jurisdiction to adjudicate the case because his arrest was illegal; (2) that the seizure of the controlled substances was unlawful, violating his Fourth Amendment rights; (3) that his guilty plea was not voluntary because, he says, he was not apprised of the fine imposed pursuant to the Drug Demand Reduction Assessment Act, § 13A-12-281, Ala.Code 1975, and because he was not apprised of his right to appeal; and (4) that he was denied the effective assistance of counsel, citing various grounds, including that counsel failed to file numerous motions and allowed him to enter a guilty plea when he had not been apprised of either the Drug Demand Reduction assessment or his right to appeal.
The State filed an answer and a motion to dismiss in which it argued that Hawk’s Rule 32 petition should be summarily dismissed because, it said. Hawk’s claims were insufficiently pleaded or without merit. The State attached exhibits to its response, including a copy of the plea agreement, a copy of the explanation-of-rights form[1] signed by Hawk and his attorney, and a copy of the transcript from the guilty-plea proceeding.[2] On October 24, 2013, the circuit court entered an order summarily denying the petition on the grounds that the claims asserted in the petition were insufficiently pleaded and, alternatively, they were meritless.
On appeal, Hawk reasserts his claim that his guilty plea was involuntary because, he says, he was not apprised of the fine imposed pursuant to the Drug Demand Reduction Assessment Act or of his right to appeal. Hawk also argues that the circuit court erred when it did not conduct an evidentiary hearing on his inef-feetive-assistance-of-counsel claims because, Hawk says, his guilty plea was involuntary, his trial counsel did not submit an affidavit, and, because the circuit judge who presided over his postconviction proceeding was not the judge who had presided over the guilty-plea proceeding, the judge could not rely on his own recollection of the guilty-plea proceeding to reject his claims of ineffective assistance of counsel.[3]
This Court will not reverse the circuit court’s order denying a Rule 32 petition absent an abuse of discretion. Grady v. State, 831 So.2d 646, 648 (Ala. Crim.App.2001). If the circuit court’s decision is correct for any reason, it will be affirmed. Id.
With regard to Hawk’s claim that his guilty plea was not made voluntarily, the State set out in its answer the following:
“[Hawk] alleges that the guilty plea was not knowingly, intelligently, or voluntarily made. [Hawk] specifically alleges that the plea colloquy did not inform him of the mandatory minimum penalty and maximum possible penalty, as required by the Alabama Rules of Criminal Procedure Rule 14.4(a)(1)(ii) or his rights regarding appeal as required by Rule 14.4(a)(1)(viii). As to [Hawk’s] *99 argument that he was not explained the mínimums and máximums of his case, this argument is without factual merit. Specifically, [Hawk] asserts that the Drug Demand Reduction Assessment Act (also known as the User Penalty Fee) in Section 13A-12-280 and Section 13A-12-281 was not explained to him. This assertion is clearly not factually supported by the record. [Hawk] and his trial counsel, Susan James, signed a plea agreement that clearly stated that [Hawk] would be ordered to pay $1000.00 under the User Penalty fee or Drug Demand Reduction Assessment Act under Section 13A-12-281. (State’s Exhibit B). The plea agreement put [Hawk] on notice that he was subject to the User Penalty Fee or Drug Demand Reduction Assessment Act under Section 13A-12-281. Even though the plea agreement states that the User Penalty fee applies, [Hawk] was not ordered to pay the penalty. (State’s Exhibit C). The plea colloquy is clear that [Hawk] stated his attorney went over the plea agreement with him and that he signed the plea agreement and he had enough time to discuss the matter with his attorney and she had done everything he asked her to do (State’s Exhibit D). [Hawk] did not ask any questions regarding the plea agreement and did not indicate that he did not understand the plea agreement. (State’s Exhibit D). As to [Hawk’s] rights regarding appeal, clearly [Hawk] was apprised of those rights, [Hawk] signed a plea agreement which clearly states that he is waiving his rights to appeal the case and specifically states that he is making the plea voluntarily and with the full knowledge of the rights he -is surrendering. [Hawk] signed an Explanation of Rights form indicating that [Hawk] had been apprised of his rights and the plea was made voluntarily. (State’s Exhibit E). The Judge, who presided over the plea, also signed the Explanation of Rights form indicating that [Hawk] had been apprised of his rights and the plea was made voluntarily (State’s Exhibit E). [Hawk’s] argument regarding the right to appeal is clearly without factual merit.”
(C, 66-67.)
The record contains a copy of the plea agreement and a copy of the “Explanation of Rights and Plea of Guilty” form. The plea agreement shows that Hawk agreed to the sentences of imprisonment as well as to the imposition of several fines, including the fine to be imposed pursuant to the Drug Demand Reduction Assessment Act. The agreement also included Hawk’s waiver of his right to appeal. Further, at the guilty-plea colloquy, the transcript of which is in the record before us, Hawk informed the trial court that he had discussed with his attorney the plea agreement, the explanation-of-rights form, and guilty-plea form. The trial court stated that it would sentence Hawk according to the plea agreement, including the fines and other terms to which Hawk had agreed as part of the plea agreement. The trial court also informed Hawk that he had a right to appeal but that he was waiving that right by pleading guilty. Hawk indicated that he understood the terms of the plea agreement.
In support of his claim on appeal that his guilty plea was not voluntarily made because he was not apprised of the fine assessed under the Drug Demand Reduction Assessment Act, Hawk cites Carter v. State, 812 So.2d 391 (Ala.Crim.App.2001). In Carter, although the explanation-of-rights form contained a provision regarding the Drug Demand Reduction Assessment Act, the box located next to the provision was not checked, indicating that the fine was not imposed in Carter’s *100 case. The trial court in its colloquy also failed to inform Carter that he was subject to an assessment under § 13A-12-281. This Court held that the court’s failure to inform a defendant of all mandatory fines prior to accepting his or her plea rendered the plea involuntary. This case is distinguishable from Carter. Here, although the trial court did not mention the assessment in its colloquy and although the explanation-of-rights form did not indicate that the assessment applied in Hawk’s case, the terms of the plea agreement included that assessment as a portion of the sentence to be imposed, and Hawk told the trial court that he understood the agreement. Thus, as the State correctly argues, Hawk was aware of the assessment and was aware that it was part of his plea agreement; therefore, his claims concerning the voluntariness of his plea are without merit. See Stephenson v. State, 469 So.2d 1355 (Ala.Crim.App.1985) (holding that the guilty-plea colloquy taken together with the plea agreement and explanation-of-rights form demonstrated that the defendant was aware of the terms of sentence and possible range of punishment, and, thus, that guilty plea was valid).
As to Hawk’s ineffective-assistance-of-counsel claims, he failed to meet his burden of pleading under Rule 32.6(b), Ala. R.Crim. P. Rule 32.6(b) provides that the petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. To prevail on a claim of ineffective assistance of trial counsel, a defendant must show (1) that counsel’s performance was deficient, and (2) that the defendant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of guilty-plea proceedings, “in order to satisfy the ‘prejudice’ requirement, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(footnote omitted). Hawk’s ineffective-assistance-of-counsel claims pertain to various motions Hawk alleges trial counsel should have filed and to counsel’s failure to file a notice of appeal. Hawk, however, failed to plead sufficient facts indicating that the motions that he says should have been filed would have been granted and how he was prejudiced by counsel’s failure to file those documents. Therefore, Hawk failed to sufficiently plead those claims. As for his claim that trial counsel was ineffective for allowing him to enter into what he claims was an' involuntary plea, as discussed above, Hawk’s plea was voluntary. It is well settled that counsel cannot be held ineffective for failing to take futile actions. Magwood v. State, 689 So.2d 959, 981 (Ala. Crim.App.1996) (“Counsel cannot be held ineffective for failing to make a challenge that has no basis in fact or law.”). Thus, he is not entitled to any relief on this ground.
Finally, Hawk claims that an evi-dentiary hearing was warranted because trial counsel failed to submit an affidavit disputing the ineffective-assistance-of-counsel claims and because the circuit judge who presided over the post-conviction proceeding was not the same judge who presided over his guilty-plea proceedings so the postconviction judge did not have personal knowledge of counsel’s performance at the plea proceeding. Hawk’s arguments fail. Rule 32.7(d), Ala. R.Crim. P., provides:
“If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists *101 which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”
Hawk presented issues in his petition for postconviction relief that either were not sufficiently pleaded or raised no material issues of fact or law that would entitle him to relief. Therefore, the circuit court did not err when it denied Hawk’s petition without holding an evidentiary hearing.
Based on the foregoing, we affirm the circuit court’s judgment denying Hawk’s petition. We note, however, that most fines provided for in the plea agreement were imposed by the court in its sentencing order, but the Drug Demand Assessment fine mandated by § 13A-12-281, Ala.Code 1975, and the fee mandated by the Alabama Forensic Services Trust Fund, § 36-18-7, Ala.Code 1975, were not imposed. In Siercks v. State, 154 So.3d 1085 (Ala.Crim.App.2013), when the trial court failed to impose these fines, we remanded the case for the trial court to impose them. We held:
“Section 13A-12-281 (the Demand Reduction Assessment Act) mandates that every person convicted of a violation of any offense defined in §§ 13A-12-202, - 203, -204, -211, -212, -213, -215, or - 231, Ala.Code 1975, ‘shall be assessed for each such offense an additional penalty fixed at $1,000 for first offenders and $2,000 for second and subsequent offenders.’ (Emphasis added.) Section 36-18-7(a) (the Alabama Forensic Services Trust Fund), mandates that ‘there shall be imposed or assessed an additional fee of one hundred dollars ($100) on any conviction in any court of the state for drug possession, drug sale, drug trafficking, and drug paraphernalia offensefs] as defined in Sections 13A-12-211 to 13A-12-260, inclusive.’ (Emphasis added.) The fines in §§ 13A-12-281 and 36-18-7(a) are not waivable. They are mandatory and jurisdictional, and the failure to impose them renders a sentence illegal. ‘Matters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994), and we may take notice of an illegal sentence at any time. See, e.g., Pender v. State, 740 So.2d 482, 484 (Ala.Crim.App.1999).”
Siercks v. State, 154 So.3d at 1094.
Therefore, because the fines imposed pursuant to the Drug Demand Reduction Assessment Act and the Alabama Forensic Services Trust Fund are mandatory and because Hawk was notified that imposition of those fines was part of the plea agreement, but the fines were not imposed by the trial court, we remand this matter to the circuit court for that court to impose the mandatory fines pursuant to §§ 13A-12-281 and 36-18-7(a). The circuit clerk shall take all necessary action to ensure that due return is filed in this Court within 42 days of the date of this opinion, and that the return to remand includes the trial court’s amended sentencing order.
AFFIRMED IN PART; REMANDED IN PART AS TO SENTENCING. 
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. This form is also known as an Ireland form. See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).

. The plea agreement would have also been part of the original court file. Therefore, the exhibit merely reflected what the circuit judge had before him in the file.

.The claims asserted in the petition that are not raised on appeal are deemed abandoned. See Brownlee v. State, 666 So.2d 91 (Ala. Crim.App.1995).