JOINER, Judge,
concurring specially.
I concur in this Court’s judgment affirming the circuit court’s summary dismissal of Kevin Brent. Hall’s Rule 32, Ala. R.Crim. P., petition for postconviction relief. I write specially to explain my basis for doing so as well as to address certain aspects of the dissenting opinion. .
Stated simply, the Court’s decision today overrules our recent decisions in Siercks v. State, 154 So.3d 1085 (Ala.Crim.App.2013), and Hawk v. State, 171 So.3d 96 (Ala.Crim.App.2014), only to the extent that those decisions hold that a circuit court’s failure to impose a fine pursuant to the Demand Reduction Assessment Act, see § 13A-12-281, Ala.Code 1975, is a “jurisdictional” claim in the context of a Rule 32 proceeding.[4]
As this Court’s opinion explains, Hall’s Rule 32 petition challenged his 1992 guilty-plea conviction for unlawful possession of a controlled substance,. see § 13A-12-212, Ala.Code 1975, and his resulting sentence of 10 years’ imprisonment. In his petition, which was filed nearly 24 years after his 10-year sentence was imposed, Hall alleged that his 10-year sentence was “illegal” because, he said, the circuit court *983 failed to impose on him a $1,000 fine under the Demand Reduction Assessment Act. According to Hall, because the circuit court in 1992 failed to impose the demand-reduction assessment, he was entitled to the postconviction “relief’ of being resen-tenced by the circuit court so that court could impose on him the demand-reduction assessment.
Under the text of Rule 32, resolution of Hall’s claim is not complicated. First, it simply is not “relief’ to obtain the “remedy” of an additional fine. See Rule 32.1, Ala. R.Crim. P. (“Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief. ...” (emphasis added)). Further, however, Rule 32, Ala. R.Crim. P., provides only six limited categories under which a “defendant who has been convicted of a criminal offense” may seek post-conviction relief. Of these six categories, only two are potentially at issue in this case. Specifically, with regard to claims challenging a sentence, Rule 32.1—titled “Scope of Remedy”—provides the following possible avenues under which a petitioner may seek postconviction relief:
(1) “(b) The court was without jurisdiction to render judgment or to impose sentence.”
(2) “(c) The sentence imposed exceeds the maximum authorized by law or is otherwise not authorized by law.”
Rule 32.1(b) and (c), Ala. R.Crim. P. (emphasis added). Thus, Hall’s claim could be either a Rule 32.1(b) claim alleging that the circuit court did not have jurisdiction to impose a sentence or a Rule 32.1(c) claim alleging that the sentence imposed is, in some way, not authorized by law.
Although both categories of claims involve a circuit court’s sentencing error, each category is treated differently under Rule 32. Indeed, as Rule 32.1 explains, the grounds for relief are “[sjubject to the limitations of Rule 32.2,” which limitations provide, in relevant part:
“(a) Preclusion of Grounds. A petitioner will not be given relief under this rule based upon any ground:

a

“(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or

u

“(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b).
“(b) Successive Petitions. If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice.
“(c) Limitations Period. Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a *984 conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certifícate of judgment by the Court of Criminal Ap-peáls under Rule 41, Ala. R.App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses.... ”
Rule 32.2, Ala. R.Crim. P. (emphasis added). Thus, claims under Rule 32.1(b) are not subject to any of the limitations set forth in Rule 32.2, but claims under Rule 32.1(c) are subject to the limitations set forth in Rule 32.2(a) and Rule 32.2(b).
Here, the claim in Hall’s Rule 32 petition, although couched in jurisdictional terms, does not truly implicate the jurisdiction of the circuit court. Indeed, Hall did not allege that the circuit court had no power or authority to impose a demand-reduction assessment; rather, Hall’s claim is premised on his allegation that the circuit court had both the power and the authority to impose a demand-reduction asséssment but did not do so. In other words, Hall’s claim concedes that the circuit court had jurisdiction to impose a sentence. See Ex parte Seymour, 946 So.2d 536, 538 (Ala.2006) (“Jurisdiction is ‘[a] court’s power to decide a case or issue a decree.' Black’s Law Dictionary 867 (8th ed.2004).”). Therefore, Hall’s claim is a Rule 32.1(c) claim alleging that his sentence is, in some way, unauthorized.
Because Hall’s claim falls under Rule 32.1(c), and he could have, but did not, raise his demand-reduction-assessment claim either at trial or on appeal, and because the State asserted Rule 32.2(a) as an affirmative defense in its motion to dismiss Hall’s petition, the circuit court properly dismissed Hall’s claim under Rule 32.2(a).
Thus, under a plain reading of the text of Rule 32, the resolution of Hall’s claim is straightforward. Our caselaw interpreting illegal-sentence claims under Rule 32—as exemplified in Siercks and Hawk—has muddied the waters, however, and made resolution of a claim like Hall’s less clear than it should be. Indeed, as explained in this Court’s opinion, under the principle articulated in Siercks, which was extended to Rule 32 proceedings in Hawk, Hall would be entitled to the “relief’ he seeks. Those cases, however, incorrectly concluded that' the demand-reduction assessment is “jurisdictional” because it is “mandatory.”[5] See Ex parte Johnson, 669 So.2d 205 (Ala.1995); Durr v. State, 29 So,3d 922 (Ala.Crim.App.2009). Although not addressed in this Court’s opinion, Hawk extended this rule of law from Siercks— which involved review of a sentence on direct appeal—to a Rule 32 postconviction proceeding and held that a circuit court’s failure to impose a demand-reduction assessment is a “jurisdictional” claim under Rule 32 because “ ‘[mjatters concerning unauthorized sentences are jurisdictional.’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994).” Hawk, 171 So.3d at 100 (quoting Siercks, 154 So.3d at 1094) (emphasis added).
This rule of law—that “unauthorized sentences are jurisdictional”—has been, at *985 best, inconsistently used by this Court. Thus, many claims under Rule 32.1(c) have been erroneously described as “jurisdictional.” [6] See, e.g., Hawk, supra; Watson v. State, 164 So.3d 622 (Ala.Crim.App.2014); Jones v. State, 104 So.3d 296 (Ala.Crim.App.2012); Skinner v. State, 987 So.2d 1172 (Ala.Crim.App.2006); and Simmons v. State, 879 So.2d 1218 (Ala.Crim.App.2003). Generally, I think that those decisions that refer to an “unauthorized” or “illegal” sentence as “jurisdictional” do so based on language in cases (1) that predate Rule 32 and (2) that do not actually hold that the imposition of an “unauthorized” sentence implicates the subject-matter jurisdiction of the circuit court. I read those earlier cases as establishing only that an unauthorized-sentence claim is not subject to the ordinary rules of preservation and waiver on direct appeal .(and therefore may be raised for the first time on direct appeal).
In Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989), a case on direct appeal from Brannon’s guilty plea to possession of a controlled substance, Justice Maddox, writing for a unanimous Alabama Supreme Court, explained that, “when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve the issue for appellate review. See Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963).” (Emphasis added.) In other words, when a circuit court imposes an “unauthorized” sentence, a claim challenging that sentence may be raised for the first time on direct appeal without an objection having been raised in the circuit court.
After the Supreme Court decided Ex parte Brannon, our Court extended the not-subject-to-waiver-and-preservation rule articulated in that case to an unauthorized-sentence claim in a Rule 32 petition. Specifically, in Ferguson v. State, 565 So.2d 1172 (Ala.Crim.App.1990), this Court, relying on several cases that predate Rule 32,[7] addressed a Rule 32 petition alleging that the sentence imposed exceeded the maximum authorized by law—in other words, a claim under Rule 32.1(c)— and held:
“The sentence imposed following conviction of a crime must conform to the statute and cannot exceed the term prescribed by law.. Howard v. State, 390 So.2d 32 (Ala.Cr.App.1980); Opinion of the Clerk No. 4, 347 So.2d 524, (Ala. 1977). When the court imposes sentence in excess of that authorized by statute, it .exceeds its jurisdiction, and the sentence is consequently void. Ex parte McKivett, 55 Ala. 236 (1876); City of Birmingham v. Perry, 41 Ala.App. 173, 125 So.2d 279 (1960); 21 Am.Jur.2d Criminal Law § 537 (1981). See also Ex parte Brannon, 547 So.2d 68 (Ala.1989).”
565 So.2d at 1173 (emphasis added).
Thereafter, our Court continued to apply the not-subject-to-waiver-and-preservation rule to unauthorized-sentence claims in' Rule 32 petitions to ñnd those claims to be “jurisdictional.” In J.N.J. v. State, 690 *986 So.2d 519, 520-21 (Ala.Crim.App.1996), we explained:
“An illegal sentence may be challenged at any time. ‘The holding in [Ex parte Brannon, 547 So.2d 68 (Ala.1989)] appears to equate an invalid sentence with a “jurisdictional” defect, cf. Rule 16.2(d), A.R.Crim. P. Temp. (“The lack of subject matter jurisdiction ... may be raised ... at any time”).’ Falkner v. State, 586 So.2d 39, 47-48 (Ala.Cr.App.1991); Hunt v. State, 659 So.2d 998 (Ala.Cr.App.1994) (‘Matters concerning unauthorized sentences are jurisdictional and, therefore, can be reviewed even if they have not been preserved.’).”
(Emphasis added.) In Calloway v. State, 860 So.2d 900, 902 (Ala.Crim.App.2002), this Court found that a claim alleging that a sentence exceeded the maximum authorized by law was a “jurisdictional” claim under Rulé 32 because “‘[mjatters concerning unauthorized sentences are jurisdictional,’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994),” and may be reviewed at any time.
By using the not-subject-to-waiver-and-preservation rule in the context of Rule 32 proceedings, this Court has, “for over two decades,” 223 So.3d at 995 (Kellum, J., dissenting), failed to recognize that there is a difference between a claim on direct appeal-that does not have to be preserved for appellate review and a claim in a Rule 32 proceeding that implicates the subject-matter jurisdiction of the circuit court. We recently recognized this distinction in Hulsey v. State, 196 So.3d 342, 346 (Ala.Crim.App.2015), cert. denied (No. 1141148, Nov. 13, 2015) 196 So.3d 342 (Ala.2015).
In Hulsey, this Court, on direct appeal from Hulsey’s conviction, addressed Hul-sey’s claim that his indictment was not brought within . the statutory limitations period. The State, in its brief in that appeal, contended that Hulsey’s statute-of-limitations' claim had not been preserved for appellate review because, the State said, Hulsey failed to object to his indictment at trial. 196 So.3d at 346. This Court concluded, however, that the “statute of limitations in a criminal case is an issue that is not subject to the ordinary rules regarding preservation • and waiver” and “may be raised for the first time on appeal.” Id.
The State, in its application for rehearing, argued that the Alabama Supreme Court, in Ex parte Seymour, 946 So.2d 536 (Ala.2006), overruled cases in which we held that' the statute of limitations is not subject to the ordinary rules of preservation and waiver. This Court rejected the State’s argument, finding:
“Ex parte Seymour[, 946 So.2d 536 (Ala.2006),] and subsequent decisions have clarified that an indictment that fails to charge an essential element of an offense is not ‘void’ in the sense of affecting the subject-matter jurisdiction of the circuit court. In Ex parte Seymour, the Alabama Supreme Court stated:
“‘Jurisdiction is “[a] court’s power to decide a case or issue a decree.” Black’s Law Dictionary 867 (8th ed.2004). Subject-matter jurisdiction concerns a court’s power to decide certain types of cases.... That power is derived from the Alabama Constitution and the Alabama Code.... In deciding whether ' Seymour’s claim properly challenges the trial court’s subject-matter jurisdiction, we ask only whether the trial court had the constitutional and statutory authority to try the offense with which Seymour was charged and as to which he has filed his petition for certiorari review.
“ ‘Under the Alabama Constitution, a circuit court “shall exercise general jurisdiction in all cases except as may *987 be otherwise provided by law.” Amend. No. 328, § 6.04(b), Ala. Const.1901. The Alabama Code provides that “[t]he circuit court shall have exclusive original jurisdiction of all felony prosecutions.... ” § 12-11-30, Ala.Code 1975. The offense of shooting into an occupied dwelling is a Class B felony. § 13A-ll-61(b), Ala. Code 1975. As a result, the State’s prosecution of Seymour for that offense was within the circuit court’s subject-matter jurisdiction, and a defect in the indictment could not divest the circuit court of its power to hear the case.
“ ‘The United States Supreme Court has long held that “defects in an indictment do not deprive a court of its power to adjudicate a case.” [United States v.] Cotton, 535 U.S. [625] at 630, 122 S.Ct. 1781 [152 L.Ed.2d 860 (2002)]....’
“946 So.2d at 538.
“Thus, Ex parte Seymour stands for the proposition that a defective indictment may nevertheless invoke the subject-matter jurisdiction of the circuit court, and, if the particular defect is not objected to in a timely manner, the defect will be waived and will not provide a basis for setting aside the conviction based on that indictment.
“Even after Ex parte Seymour, however, this Court and the Alabama Supreme Court have continued to refer to statutes of limitations as a ‘jurisdictional’ matter. In Ex parte Ward, 46 So.3d 888 (Ala.2007), the Alabama Supreme Court noted that this Court had ‘conflated statutes of limitations with procedural limitations periods such as the one in Rule 32.2(c)[, Ala. R.Crim. P.]’ The Alabama Supreme Court in Ex parte Ward clearly distinguished procedural limitations periods from statutory limitations peri-, ods on criminal prosecution. Procedural limitations are affirmative defenses subject to the ordinary rules regarding waiver. Statutory limitations periods in a criminal prosecution, however, are ‘jurisdictional’—not in the sense of affecting the subject-matter jurisdiction of the circuit court but in the sense of not being subject to the ordinary rules of preservation and waiver.”
Hulsey, 196 So.3d at 354-55 (some emphasis added; footnote omitted). In other words, although a statute-of-limitations claim on direct appeal has been described as “jurisdictional,” it is “jurisdictional” only in the sense of not being subject to the ordinary rules of preservation and waiver on direct appeal. As Hulsey recognized, a statute-of-limitations claim in a Rule 32 proceeding presumably would not be “jurisdictional” (i.e., a claim under Rule 32.1(b)) and thus wouldi be subject to preclusion under Rule 32.2. Hulsey, 196 So.3d at 355 (“If Hulsey had been convicted of second-degree unlawful manufacture of a controlled substance based on the third indictment, which was a timely indictment, Ex parte Seymour arguably would permit that conviction to survive a Rule 32, Ala. R.Crim. P., postconviction challenge to the circuit court’s subject-matter jurisdiction over the case.”). Thus, simply because a claim is not subject to the ordinary rules of preservation and waiver on direct appeal does not mean that same claim is “jurisdictional” for purposes of Rule 32.[8]
*988 Similarly, although a claim on direct appeal that the circuit court imposed an unauthorized sentence has been described as “jurisdictional” in some cases—particularly before Ex parte Seymour—such a claim is more properly characterized as not being subject to the ordinary rules of preservation and waiver on direct appeal. Likewise, an unauthorized-sentence claim under Rule 32.1(c) is not “jurisdictional” because it does not impact the subject-matter jurisdiction of the circuit court to impose a sentence.
The dissenting opinion “question[s] whether the majority’s holding today conflicts with the Alabama Supreme Court’s opinion in Pierson v. State, 677 So.2d 246 (Ala.1995).” 223 So.3d at 994 (Kellum, J., dissenting). In doing so, however, the dissenting opinion is doing what this Court[9] has erroneously done for several years: equating a claim that is not subject to waiver on direct appeal with a claim that is “jurisdictional” in a Rule 32 proceeding.[10] Specifically, the dissenting opinion explains:
“In Pierson, the’ defendant was convicted of the unlawful distribution of a controlled substance and was sentenced to 12 years’ imprisonment. The trial court did not impose the fíne in § 13A-12-281, and the State did not object or otherwise raise in the trial court any issue relating to the fine. Therefore, under the general rules of preservation and' waiver, the State waived imposition of the fine. See, e.g., Ex parte Coulliette, 857 So.2d 793, 794 (Ala.2003) (noting that the rules of preservation and waiver restrict appellate review to questions and issues properly and timely raised at the trial level); and Ex parte Knox, 201 So.3d 1213 (Ala.2015) (applying the rules of preservation and waiver to the State). Nonetheless, when the defendant appealed her conviction and sentence, the State argued for the first time in this Court that the fine in § 13A-12-281 was mandatory and that the trial court had erred in not imposing it, and the State requested that this Court remand the case for imposition of the fine. This Court first noted that the State had not raised any issue relating to the fine at the trial level and then held that § 13A-12-281, although written in mandatory terms, was permissive. Pierson v. State, 677 So.2d 242 (Ala.Crim.App.1994). We declined the State’s request *989 to remand the cause for imposition of the fine, and we affirmed the trial court’s judgment.
“The State sought. certiorari review, and the Alabama Supreme Court concluded that this Court had erred in holding that § 13A-12-281 was permissive and it held ‘that the provisions of the Demand Reduction Assessment Act are mandatory.’ Pierson, 677 So.2d at 247. However, instead of affirming this Court’s judgment on the ground that the State, had waived application of the fine in § 13Á-12-281 by not raising the issue at the trial level, the Supreme Court reversed this Court’s judgment and directed this Court to remand the case for imposition of the fine. At no point in its opinion in Pierson did the Alabama Supreme Court use the term ‘jurisdictional’ or state that the failure to impose the fíne in § 13A-12-281 rendered the defendant’s sentence illegal. Nor did the Supreme Court state at any point in its opinion that the''failure to impose the fine was nothing more than an exception to preservation that could be raised for the first time on appeal but was not jurisdictional. The Supreme Court simply did not explain in its opinion why it was ordering imposition of the fine when the issue had been waived by the State. Therefore, because I cannot say with any degree of certainty whether Pierson stands for the proposition that the fine in § 13A-12-281 is jurisdictional and not waivable by the State, as this Court has interpreted that opinion for over two decades, or for the proposition that the failure to impose the fine is nothing more than an exception to preservation, I must question whether the majority’s holding today conflicts with Pierson.”
223 So.3d at 994-95 (Kellum, J., dissenting) (emphasis added; footnote omitted). In other words, although Pierson was a case on direct appeal—not a Rule 32— and, as the dissenting opinion recognizes, does not mention the word “jurisdictional,” the dissenting opinion reads Pierson as holding that, because the Alabama Supreme Court determined that the language of the Demand Reduction Assessment Act is mandatory and did not expressly state whether the failure to impose the demand-reduction assessment implicated the subject-matter jurisdiction of the circuit court or whether the failure to impose a demand-reduction assessment is simply not subject to the ordinary rules of preservation and waiver on direct appeal, the failure to impose a demand-reduction assessment is a “jurisdictional” claim for purposes of Rule 32.
When it reads Pierson this broadly, the dissenting opinion finds a subject-matter-jurisdiction defect to exist by implication. This broad reading suffers from the same logical fallacy as Siercks and Hawk: post hoc, ergo propter hoc. Simply because a statute is written in mandatory terms does not mean that the failure to follow that statute is a defect in the proceeding that implicates subject-matter jurisdiction.
Additionally, the rule that “[mjatters concerning unauthorized sentences are jurisdictional” is inconsistent with the text of Rule 32. Indeed, as explained above, claims challenging a sentence under Rule 32 fall under the purview of either Rule 32.1(b) or Rule 32.1(c). Holding that, in a Rule 32 proceeding, “[mjatters concerning unauthorized sentences are jurisdictional” ignores the text of Rule 32.1 and puts all unauthorized-sentence claims under the purview of both Rule 32.1(b) and Rule 32.1(c),, thus eliminating any meaningful distinction between claims' arising under Rule 32.1(b) and claims arising under Rule 32.1(c).
Although eliminating this distinction may seem trivial, improperly classifying a claim under Rule 32.1 greatly impacts how *990 that claim is treated. As explained above, the text of Rule 32.1 clearly contemplates different treatment for claims alleging that a circuit court has no jurisdiction to impose a sentence and claims alleging that a circuit court imposed an unauthorized sentence. Specifically, although claims under Rule 32.1(b) (no' jurisdiction) are not subject to any of the limitations set forth in Rule 32.2, claims under Rule 32.1(c) (unauthorized' sentence) are subject to the limitations set forth in Rule 32.2(a) and Rule 32.2(b). Thus, construing unauthorized-sentence claims as being “jurisdictional” allows those claims, in contravention of the text of Rule 32, to circumvent the grounds of preclusion set forth in Rule 32.2.
Because sentencing claims brought under Rule 32.1(c) are subject to preclusion and sentencing claims brought under Rule 32.1(b) are not, we should not ignore the text of Rule 32 and apply a not-subject-to-waiver-on-direct-appeal rule to a Rule 32 proceeding that eliminates any meaningful distinction between Rule 32.1(b) and Rule 32.1(c); rather, this Court should properly move toward categorizing sentencing claims as being either “jurisdictional” (Rule 32.1(b)) or “unauthorized” (Rule 32.1(c)).
Continuing to apply to Rule 32 proceedings the rule that all “[mjatters concerning unauthorized sentences are jurisdictional” creates absurd sentencing-claim scenarios that are deemed “jurisdictional,” that entitle a petitioner to “relief,” and that are not subject to the grounds of preclusion set forth in Rule 32.2. This case is an example of such an absurd scenario.
Specifically, as set out above, Hall has alleged'that his sentence was “illegal” because the circuit court failed to impose on him a $1,000 demand-reduction assessment. To “cure” this error, Hall contends that he is entitled to the postconviction “relief’ of being resentenced by the circuit court so that court could'impose on him the demand-reduction assessment. In other words, Hall seeks to use Rule 32 to receive additional punishment from the circuit court. This is nonsense.[11]
It is not difficult to imagine other ridiculous scenarios. For example, imagine a Rule 32 petitioner who alleges that he was sentenced to 10 years’ imprisonment for a conviction for a Class C felony, imagine further that he claims that his 10-year sentence is “illegal” because, he says, he has three prior felony offenses for purposes of the Habitual Felony Offender Act (“the HFOA”); that the State invoked the HFOA and properly proved all three prior felony offenses at his sentencing hearing; and that the circuit court, although acknowledging the existence of the three prior felony offenses, did not sentence him under the HFOA. Because, he says, his sentence is “unauthorized” under the HFOA, and because “[mjatters concerning unauthorized sentences are jurisdictional,” the circuit court must.“grant” him postcon-viction “relief’ and resentence him to a harsher sentence under the HFOA—up to, and including, life imprisonment. This simply is not “relief.”
Like the writ of habeas corpus, Rule 32 exists as a possible key to “unlock the prison doors,” see- Barton v. City of Bessemer, 27 Ala.App. 413, 417-18, 173 So. 621, 625 (1936) (opinion on rehearing), rev’d on other grounds, 234 Ala. 20, 173 So. 626 (1937), not as a means' to subject *991 petitioners to additional or harsher punishment. In my opinion, the Court’s decision today takes a necessary step toward correcting a long-standing error in our case-law.

. To be clear, this Court, has not overruled Siercks with regard to claims on direct appeal alleging that the circuit court failed to impose ' a demand-reduction assessment.

. Judge Kellum, in her dissenting opinion, says that the holding in Siercks was not based on the fact that the demand-reduction assessment was written in mandatory terms. Siercks unequivocally states, however, that the demand-reduction assessment "mandates that every person convicted of [certain drug offenses] 'shall be assessed ... $1,000 for first offenders and $2,000 for second and subsequent offenders.’ (Emphasis added.) The fines- in §§ 13A-12-281 and 36-18-7(a) are not waivable. They are mandatory and jurisdictional, and the failure to impose them renders a sentence illegal." 154 So.3d at 1094 (some emphasis added).

. As explained more thoroughly below, at root, my critique of this Court’s jurisprudence is that our. use of the term “jurisdictional” is not consistent with the language of Rule 32 or the concept of subject-matter jurisdiction the Alabama Supreme Court delineated in Ex parte Seymour, 946 So,2d 536 (Ala.2006). In short, l am arguing that there is a difference in Rule 32.1(b) and Rule 32.1(c). Rather than randomly ignoring it, our caselaw should reflect that difference,

. “Rule 32 was first adopted by the Alabama Supreme Court as Rule 20, Temporary Rules of Criminal Procedure, on January 20, 1987, ' with an effective date of April 1, 1987." Hugh Maddox, Alabama' Rules of Criminal Procedure, § 32,0 (5th ed.2011).

. The dissenting opinion cites Ex parte Batey, 958 So.2d 339 (Ala.2006), in support of the argument that, after Seymour, a challenge to an illegal sentence remains a '‘jurisdictional’' defect. The dissenting opinion then extrapolates from a footnote in Batey the proposition that a circuit court’s imposition of a demand-reduction assessment in excess of the statutory requirement would be a “jurisdictional” defect under Rule 32. This case, however, *988 does not require us to decide whether a claim alleging that a circuit court exceeded its authority by imposing a demand-reduction assessment in excess of the statutory maximum is a “jurisdictional” defect; rather, this case requires this Court to determine whether a claim alleging that a circuit court’s failure to exercise its authority under the Demand Reduction Assessment Act is a “jurisdictional” defect.
This distinction, although nuanced, is important. Indeed, as explained below, requiring a circuit court to recognize the failure to impose a demand-reduction assessment as a "jurisdictional” defect results in that court having to grant a Rule 32 petitioner "relief” in the form of receiving additional and harsher punishment.

. I have authored or voted in support of many of those decisions. To that charge, I plead: “None but a fool is always right.”

. In a footnote, the dissenting opinion asserts that the Court’s decision "implicitly overrules” 51 cases. Notably, however, not a single one of those cases involves a Rule 32 proceeding; they all involve this Court’s review of sentences on direct appeal. The Court’s decision today does not hold that the Demand Reduction Assessment is subject to the ordinary rules of preservation and wavier for purposes of direct appeal; rather, the Court’s decision holds that a claim alleging that the circuit court failed to impose a Demand Reduction Assessment is a nonjurisdic-tional claim for purposes of Rule 32. Thus, the report of the overruling of those 51 decisions is greatly exaggerated.

. The dissenting opinion would remand this case to the circuit court to allow Hall an opportunity to prove his claim. If he proves his claim, the dissenting opinion says, the circuit court should impose on Hall the additional punishment he requests. This position, however, converts Rule 32 from a mechanism by which a defendant can obtain "relief” to a mechanism by which additional punishment can be imposed.