Rel: November 8, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2024-2025

———————————————

## CR-2024-0300

———————————————

## Ronnie Odell Parker

### v.

## State of Alabama

## Appeal from Clarke Circuit Court
## (CC-91-68 and CC-91-68.90)

MINOR, Judge.

In this appeal, we consider Ronnie Odell Parker's claim that the Clarke Circuit Court erred in summarily dismissing his 10th petition for postconviction relief under Rule 32, Ala. R. Crim. P., in which Parker—again—challenged the sentence for his 1991 guilty-plea conviction for first-degree sexual abuse. For the reasons below, we affirm the judgment

of the circuit court, and we encourage that court to consider adopting sanctions against Parker to prevent him from submitting further frivolous filings.

FACTS AND PROCEDURAL HISTORY

Parker pleaded guilty in 1991 to first-degree sexual abuse and was sentenced as a habitual offender to 35 years' imprisonment. He did not appeal his conviction or sentence. In the more than three decades since his conviction and sentence became final, Parker has filed at least 10 Rule 32 petitions challenging his conviction and sentence.[1]

Parker filed this petition in June 2023.[2] In the petition, Parker

---

[1]This Court's records include affirmances of judgments denying several of Parker's petitions. See, e.g., Parker v. State (No. CR-17-0445), 279 So. 3d 44 (Ala. Crim. App. 2018) (table); Parker v. State (No. CR-13-1729), 207 So. 3d 816 (Ala. Crim. App. 2015) (table); Parker v. State (No. CR-10-1521), 130 So. 3d 585 (Ala. Crim. App. 2012) (table); Parker v. State (No. CR-06-1942), 21 So. 3d 801 (Ala. Crim. App. 2008) (table); Parker v. State (No. CR-05-0856), 978 So. 2d 82 (Ala. Crim. App. 2006) (table); and Parker v. State (No. CR-98-1353), 778 So. 2d 878 (Ala. Crim. App. 1999) (table). See also Nettles v. State, 731 So. 2d 626, 629 (Ala. Crim. App. 1998) ("[T]his Court may take judicial notice of its own records." (citing Hull v. State, 607 So. 2d 369, 371 n.1 (Ala. Crim. App. 1992)).

[2]In case no. CR-2023-0653, this Court dismissed Parker's appeal from the circuit court's order purporting to dismiss this petition. The record on return to remand showed that the circuit court had no jurisdiction over the petition because Parker had not paid the filing fee,

alleged (1) that the State did not offer certified copies of the prior convictions used to enhance his sentence under the Habitual Felony Offender Act ("HFOA"), see § 13A-5-9, Ala. Code 1975, and did not prove that he had been represented by counsel for those convictions, and (2) that the presumptive sentencing standards apply retroactively to his conviction for first-degree sexual abuse. (C. 27.) In its motion to dismiss the petition, the State argued that the claims (1) were precluded because Parker could have raised them at trial but did not, (2) were successive, (3) were untimely, and (4) lacked merit. (C. 36.) The circuit court summarily dismissed the petition. (C. 38.) Parker's motion for reconsideration was denied by operation of law. See Matthews v. State,

---

and the circuit court had not granted a request to proceed in forma pauperis.

After our dismissal, the circuit court granted Parker's in forma pauperis request. (C. 34.) The record shows, however, that Parker had deposits of $3,590.34 in his inmate account in the 12 months before he filed his in forma pauperis request. Although the record does not show the amount of the filing fee in the Clarke Circuit Court, the circuit court likely had discretion to deny Parker's in forma pauperis request. See Ex parte Wyre, 74 So. 3d 479, 483 (Ala. Crim. App. 2011) ("[A]n inmate who has appreciably more than the amount necessary to pay a filing fee deposited in his inmate account in the 12 months preceding the filing of an [in forma pauperis] request is not indigent as that term is defined in Rule 6.3(a), Ala. R. Crim. P.").

363 So. 3d 1028, 1031 (Ala. Crim. App. 2021). Parker timely appealed. (C. 45.)

## STANDARD OF REVIEW

"Rule 32.7(d), Ala. R. Crim. P., permits a circuit court to summarily dismiss a Rule 32 petition if the claims in the petition are insufficiently pleaded, precluded, or without merit. This Court reviews a circuit court's summary dismissal of a Rule 32 petition for an abuse of discretion. Lee v. State, 44 So. 3d 1145, 1149 (Ala. Crim. App. 2009). Under most circumstances, 'we may affirm a ruling if it is correct for any reason.' Bush v. State, 92 So. 3d 121, 134 (Ala. Crim. App. 2009)."

Spain v. State, 336 So. 3d 1167, 1171 (Ala. Crim. App. 2020).

## DISCUSSION

On appeal, Parker reiterates only his claim that the State did not properly prove the prior convictions used to enhance his sentence under the HFOA.[3] This claim is nonjurisdictional and thus subject to the procedural bars. See, e.g., Ex parte Batey, 958 So. 2d 339, 343 (Ala. 2006) ("Alabama courts have repeatedly held that an argument about the

---

[3]Parker abandons his presumptive-sentencing-standards claim. Thus, we will not review it. See Jones v. State, 104 So. 3d 296, 297 (Ala. Crim. App. 2012) ("Other claims raised in [the] petition were not pursued on appeal and, therefore, those claims are deemed abandoned. See, e.g., Brownlee v. State, 666 So. 2d 91, 93 (Ala. Crim. App. 1995) ('We will not review issues not listed and argued in brief.').").

adequacy of the State's evidence is not jurisdictional and is therefore barred by Rule 32.2. Thus, we hold that Batey's argument concerning the 'sufficiency ... of the State's evidence' of his prior felony convictions for enhancement purposes is procedurally barred."). The circuit court properly dismissed the claim as untimely under Rule 32.2(c), Ala. R. Crim. P., because it was filed more than two years[4] after Parker's conviction became final, and as precluded under Rule 32.2(a)(3), Ala. R. Crim. P., because Parker could have raised it at trial but did not.

The circuit court also properly dismissed the claim as successive under Rule 32.2(b), Ala. R. Crim. P.:

> "If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner. A successive petition on different grounds shall be denied unless (1) the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence or (2) the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through

---

[4]Rule 32.2(c), Ala. R. Crim. P., was amended effective August 1, 2002, to reduce the limitations period from two years to one year. The two-year limitations period applies, however, to cases like Parker's that became final before August 1, 2001. See Hyde v. State, 950 So. 2d 344 (Ala. Crim. App. 2006).

reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

Rule 32.2(b). This Court's records in the appeal of the judgment denying Parker's 10th petition show that he has already raised the claim that the State did not prove he was represented by counsel in the proceedings resulting in the prior convictions that were used to enhance his sentence. (Record in CR-17-0445, 279 So. 3d 44 (Ala. Crim. App. 2018) (table), C. 16-17.) Our records in CR-13-1729, 207 So. 3d 816 (Ala. Crim. App. 2015) (table), show that there he challenged the State's proof of his prior felony convictions. (Record in CR-13-1729, C. 83 ("There was no proof of the priors which was shown to the trial court …..").) As the State asserted in July 2016, Parker's claims "have been addressed ad nauseam and have been found meritless." (Record in CR-17-0445, C. 44.)

The circuit court did not err in summarily dismissing the petition. Rule 32.7(d), Ala. R. Crim. P.

As noted, Parker has filed multiple petitions challenging his 1991 conviction and sentence.

> "[A]llowing [Parker] to file multiple petitions for postconviction relief in which his claims are either precluded or without merit wastes scarce judicial resources. Therefore, [we] would encourage the circuit court to consider adopting

6

> sanctions like those proposed in Peoples v. State, 531 So. 2d 323 (Ala. Crim. App. 1988), and Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986), to prevent future frivolous litigation on the part of [Parker] and other similarly situated inmates. See Ex parte Thompson, 38 So. 3d 119 (Ala. Crim. App. 2009)."

Bennett v. State, 77 So. 3d 174, 174 (Ala. Crim. App. 2011) (Kellum, J., concurring specially). See also Ex parte Marbury, 293 So. 3d 867, 867 (Ala. 2019) (Sellers, J., concurring specially) ("Trial courts, as the gatekeepers of postconviction relief, should carefully consider adopting appropriate measures to prevent the repeated filing of frivolous petitions for postconviction relief that, even if viewed in a light most favorable to the defendant, have no chance of success. ... [T]his case serves as an example of the type of case in which trial courts throughout Alabama should adopt sanctions against 'frequent filers' to prevent frivolous filings that serve only to needlessly increase the workload of courts that have significant and more meritorious cases to consider."). The circuit court in 2017 adopted measures to prevent Parker from continuing to burden the system with the same meritless claims. (Record in CR-17-0445, C. 119.) We urge the circuit court to enforce those measures and, if necessary, to adopt new measures to stop Parker from burdening the system with meritless claims. Enough is enough.

7

## CONCLUSION

The circuit court's judgment is affirmed.

AFFIRMED.

Windom, P.J., and Kellum, McCool, and Cole, JJ., concur.